Lee Anthony JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 1115–84.

Court of Criminal Appeals of Texas, En Banc.

March 5, 1986.

John A. Mead (Court-appointed) and David R. Weiner, of counsel on appeal, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., Eduardo Garcia, Thomas Maspero and Margaret E. Embry, Asst. Dist. Attys., San Antonio,

and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

We granted the petition for discretionary review that was filed on behalf of Lee Anthony Jones, hereinafter referred to as the appellant, in order to review the unpublished decision of the San Antonio Court of Appeals that overruled the appellant's sole ground of error that the evidence was insufficient to establish that an alleged prior felony conviction was a final conviction prior to the commission of the primary offense. See *Jones v. State*, (Tex.App.-San Antonio, No. 04-83-00375-CR, September 12, 1984). We will reverse the judgment of the court of appeals and remand the cause to the trial court.

The jury convicted the appellant of the offense of aggravated robbery and assessed his punishment, enhanced with one prior felony conviction, at twenty-five years' confinement in the Department of Corrections. See V.T.C.A., Penal Code, Section 12.42(c).

Concerning the alleged prior felony conviction which the appellant attacks on the ground that the evidence is insufficient to establish its finality, the indictment alleges in pertinent part that "prior to the commission of the [aggravated robbery] ... on the 11th day of June, A.D., 1974, in the 178TH Judicial District Court of HARRIS COUNTY, TEXAS, in Cause No. 207185 on the docket of said Court, the said LEE ANTHONY JONES was duly and legally convicted in said last named Court of a felony, to-wit: the offense of ROBBERY BY ASSAULT, upon an indictment then legally pending in said last named Court and of which the said Court had jurisdiction, *and said conviction was a final conviction;* against the peace and dignity of the State." (Our emphasis.)

In rejecting the appellant's assertion that the State failed to prove that the alleged prior felony conviction was a final conviction, the San Antonio Court of Appeals stated and held the following:

> ... the averment in an indictment that a defendant had been convicted is sufficient to charge the finality of the alleged prior conviction. If the conviction is not final, it may be shown as a matter of defense. (Citation omitted). If a conviction relied on for enhancement is urged not to be final, it is a matter of defense subject to proof. (Citation omitted). In the present case appellant did not testify or offer any evidence attacking the finality of conviction. (Citation omitted). The ground of error is overruled.

We find that the court of appeals has confused two distinct issues: that of the sufficiency of the indictment to allege a final prior felony conviction and the sufficiency of the evidence to show that the prior conviction became final before commission of the primary offense. The averment in an indictment that an accused person has been convicted is sufficient to *charge* the finality of the prior felony conviction. However, this does not mean that such an averment is self-proving. *Scott v. State*, 553 S.W.2d 361 (Tex.Cr.App.1977). It is a mere pleading and it is now axiomatic that a pleading is never self-proving. To hold otherwise would render the State's burden of proof meaningless. The "burden is on the State to make a prima facie showing that any prior conviction alleged for enhancement, or for punishing an accused as a repeat offender, became final before the commission of the primary offense, and once such a showing is made, the burden shifts to the defendant to prove otherwise." *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Cr.App.1982).

In making the determination whether the evidence is sufficient to establish the finality of the conviction, "Because a [finding that the prior conviction is a final conviction] necessarily means the jury found the evidence of that on which it was authorized [to so find], [we measure the evidence] by the *charge* which perforce comprehends the indictment allegations." *Benson v.*

*State*, 661 S.W.2d 708, 712 (Tex.Cr.App. 1982) (On State's Motion for Rehearing). Also see *Wilson v. State*, 671 S.W.2d 524, 526 (Tex.Cr.App.1984).

We have previously pointed out what the indictment alleges as to the prior felony conviction. We next point out that the jury was instructed, inter alia, that before it could assess the appellant's punishment as a repeat offender, it had to find that the alleged prior felony conviction was a final conviction.

 In this instance, in proving the alleged prior felony conviction, the State introduced into evidence the sentence from the prior conviction. In doing so, it also proved that the conviction was not a final conviction because the sentence clearly reflects that immediately after the appellant was sentenced, he "then and there, in open court, excepted and gave notice of appeal to the Court of Criminal Appeals of the State of Texas, Austin, Texas." It then became the State's further duty to show the final disposition of such appeal.[1] *Newsom v. State*, 123 S.W.2d 887, 889 (Tex.Cr. App.1939).

The law is settled that a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final. *Carter v. State*, 510 S.W.2d 323, 324 (Tex.Cr.App.1974); *Arbuckle v. State*, 132 Tex.Cr.R. 371, 105 S.W.2d 219 (Tex.Cr.App.1937). In this instance, because the sentence that was introduced into evidence by the State to prove up the alleged prior felony conviction reflects that the conviction was appealed, the State itself raised the question as to what disposition was made of the appeal. It thus had the burden of proof to establish what disposition was made of the appeal. Because the State failed to make a prima facie showing of finality, the appellant had no burden to carry nor was he obligated to complain about or object to the lack of finality of the alleged prior conviction. The case is simply one of failure of the State to sustain its burden of proof.

Accordingly, the judgment is reversed and this cause remanded to the trial court. The State is prohibited from again attempting to use in any fashion the alleged prior felony conviction in cause number 207,185 for the purpose of enhancing the appellant's punishment at a new trial for this primary offense. *Ex parte Gonzales*, 707 S.W.2d 570 (Tex.Cr.App.1986); *Carter v. State*, 676 S.W.2d 353 (Tex.Cr.App.1984); *Diremiggio v. State*, supra; *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982).

---

**1.** Even though we have been made aware that the appellant's prior conviction was affirmed by this Court in an unpublished per curiam opinion, see *Jones v. State*, 529 S.W.2d 557 (Tex.Cr. App.1975), in which this Court's mandate issued on December 15, 1975, and was executed on January 13, 1976, because "We decline to review the records of another case to find support for contentions raised in this appeal," *Garza v. State*, 622 S.W.2d 85, 89 (Tex.Cr.App.1981), we will not consider the record of that appeal. Also see *Miracle v. State*, 604 S.W.2d 120, 123 (Tex.Cr.App.1980); *Cain v. State*, 468 S.W.2d 856, 861 (Tex.Cr.App.1971); 1 Mc Cormick and Ray, *Texas Law of Evidence*, Sec. 186, p. 207 (2nd Ed.1956).