**Billy Gene JENKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–86–0977–CR, 01–86–01010–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 23, 1987.

Ray Epps, Houston, for Jenkins.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, David Singer, Harris County Asst. Dist. Attys., Houston, for State.

Before SAM BASS, COHEN and JACK SMITH, JJ.

OPINION

JACK SMITH, Justice.

Appellant pleaded guilty to two counts of involuntary manslaughter, and "not true" to the enhancement paragraphs. After finding the enhancement allegations to be true, the trial court assessed punishment at 25 years confinement on each count.

On April 5, 1984, appellant, while legally intoxicated, drove his car into the rear of a

motorcycle, killing both of its riders. Despite his "not true" plea, appellant signed a judicial confession, stipulated to the evidence, and stipulated that he was the person referred to in the Iowa penitentiary records.

In his sole point of error, appellant contends that the evidence was insufficient to establish that the two alleged prior felony convictions for forgery and escape, which were used for enhancement, were final convictions.

It is well settled that the burden is on the State to make a prima facie showing that any prior conviction alleged for enhancement, or for punishing the accused as a repeat offender, became final before the commission of the primary offense. *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Crim.App.1982). Once the State makes a prima facie showing, the burden shifts to the accused to prove otherwise. *Id.* Where the judgment and sentence from a previous conviction is final on its face, the burden is on the accused to produce evidence that the conviction was not final. *McCombs v. State*, 678 S.W.2d 715, 721 (Tex.App.—Austin 1984, pet. ref'd).

Appellant relies on *Jones v. State*, 711 S.W.2d 634 (Tex.Crim.App.1986) (op. on reh'g). In *Jones*, the State introduced into evidence a sentence from a prior conviction that was not final on its face. The sentence reflected that appellant had given notice of appeal. Since a conviction from which an appeal has been taken is not final until the conviction is affirmed by the appellate court and that Court's mandate of affirmance becomes final, the State failed to make a prima facie showing of finality and did not sustain its burden of proof. *Id.* at 636. Under the facts in *Jones*, the burden never shifted to the accused.

In the present case, appellant asserts that the State also failed to meet its burden of making a prima facie showing that the Iowa offenses were final before the appellant was convicted of the primary offense. The penitentiary records from Iowa reflect that an appeal bond was set in each case. Appellant contends that the setting of the appeal bond rebutted the finality of the convictions, and it was the State's further duty to show the disposition of any appeal.

The State urges that the setting of an appeal bond amount does not indicate that appeals were taken from the Iowa convictions, especially in light of the fact that appeal bonds in Iowa are set in every case, regardless of whether the defendant actually appeals. The Iowa Rules of Criminal Procedure provide:

> Execution of the judgment shall be stayed upon filing with the clerk of the district court an appeal bond with surety approved by the clerk, *in the sum specified in the judgment.* A party takes an appeal by giving notice orally to the magistrate at the time judgment is rendered that the party appeals or by delivering to the magistrate not later than ten days thereafter a written notice of appeal, and in either case the magistrate must make an entry on the docket of the giving of such notice. Iowa R.Crim.Pro. 54 (1986) (emphasis added).

Nothing in the record shows that appellant appealed his Iowa convictions in the manner required by Rule 54. The record contains no evidence of oral or written notice of appeal, nor does it contain a docket entry showing that such notice was given.

Pursuant to Tex.R.Crim.Evid. 202, this Court may take judicial notice of the statutes and rules of every other state.

Therefore, upon reviewing the Iowa penitentiary records in conjunction with the Iowa Rules of Criminal Procedure, we conclude that the trial court did not err in finding that the State established a prima facie showing of the finality of the Iowa convictions. There is nothing in the sentence or any part of the record to show that appellant appealed. Thus, there was no burden on the State to negate the appeals of these convictions. *See Babcock v. State*, 473 S.W.2d 941, 945 (Tex.Crim.App. 1971).

Appellant's sole point of error is overruled, and the judgment is affirmed.