In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00012-CR
______________________________


SHA-RON DONTE BERRY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 252nd Judicial District Court
Jefferson County, Texas
Trial Court No. 88059


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Sha-Ron Donte Berry appeals from his conviction by a jury for aggravated assault
with a deadly weapon.


 Punishment was enhanced on a finding by the jury that Berry had
previously been convicted of a felony.


 The jury assessed punishment at fifteen years'
imprisonment, and the court sentenced Berry accordingly. We affirm the conviction, but
reverse and remand for a new trial on punishment.
          In his first point of error, Berry contends the State failed to meet its burden of proof
that the prior conviction, alleged in the indictment for enhancement of punishment, was
final at the time of the commission of the primary offense. We agree.
          The indictment alleged Berry committed the primary felony offense on or about
June 1, 2002. It also alleged that, before the commission of that offense, Berry had been
finally convicted of aggravated assault with a deadly weapon May 29, 2001. The jury found
him guilty of the primary offense. The jury also found the enhancement paragraph to be
true.
          At the trial on punishment, the State introduced evidence of Berry's prior felony
conviction. Berry stipulated that the offense pertained to him. The documents introduced
by the State showed that Berry committed the prior felony June 30, 2000, that the trial
court rendered judgment May 30, 2001, and that the court of appeals issued its mandate
affirming the conviction August 29, 2002. 
          The Texas Court of Criminal Appeals has held that, for enhancement purposes, a
conviction is not final until the appellate court issues its mandate affirming the conviction.
Beal v. State, 91 S.W.3d 794, 796 (Tex. Crim. App. 2002). The parties agree the felony
used for enhancement was not final at the time of the commission of the present offense. 
          The State contends Berry waived any error on this issue by failing to object to the
enhancement paragraph before trial. While the enhancement paragraph in the indictment
may have been sufficient to charge the finality of the prior conviction, it was not sufficient
to prove the finality of that conviction. See Jones v. State, 711 S.W.2d 634, 635 (Tex.
Crim. App. 1986) (citing Scott v. State, 553 S.W.2d 361 (Tex. Crim. App. 1977)). The
State still had the burden to make a prima facie showing that any prior conviction alleged
for enhancement became final before the commission of the primary offense. See
Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim. App. [Panel Op.] 1982). Only then
would the burden shift to Berry to prove otherwise. See id.
          Here, the evidence offered by the State clearly proved that the prior felony
conviction was not final before the commission of the primary offense. The State,
therefore, failed to meet its burden of proof. Because the State failed to make a prima
facie showing of finality, Berry had no burden to carry; nor was he obligated to complain
about or object to the lack of finality of the alleged prior conviction. Jones, 711 S.W.2d at
636. 
          Even though it was error to enhance Berry's primary offense with a prior conviction
that was not final at the time of the commission of that offense, any nonconstitutional error,
defect, irregularity, or variance that does not affect a substantial right must be disregarded. 
See Tex. R. App. P. 44.2(b). The State contends that, because the punishment assessed
was within the range for a second degree felony, any error resulting from its failure to make
a prima facie showing of finality was harmless. We disagree. 
          A substantial right is affected when the error has a substantial and injurious effect
or influence on the jury's verdict. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).
In determining whether the error affected the jury's verdict, we must examine the entire
record. See Schutz v. State, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001).
          By finding the enhancement paragraph true, the jury was required to consider a
greater range of punishment. Instead of not less than two nor more than twenty years'
imprisonment for a second degree felony, the jury considered the first degree felony
punishment range of life imprisonment or five to ninety-nine years. See Tex. Pen. Code
Ann. §§ 12.32(a), 12.33(a).
          Berry was assessed fifteen years' imprisonment, well within the second degree
felony range of punishment. However, the jury was allowed to consider a prior offense for
enhancement of punishment purposes that was, as a matter of law, unavailable for such
purposes. The State, in its closing argument to the jury (consisting of four and one-half
pages in the record), emphasized the prior conviction and twice reminded the jury that the
punishment range was "five to life." The record affirmatively shows the jury did consider
the prior offense during its deliberations by the fact that it sent a note to the trial court
asking, "Will the five year sentence for prior conviction be added or run concurrently?"
Further, the foreperson of the jury, when announcing the jury's verdict, stated, "We, the
jury, find that prior to the commission of the offense for which we have found the defendant
guilty, the defendant was previously convicted of a felony offense, as alleged in the
indictment, . . . ." Nothing in the record provides us with a basis to reasonably infer that
the same sentence would have been levied had the prior offense not been considered. 
See Fortier v. State, 105 S.W.3d 697, 700 (Tex. App.—Amarillo 2003, pet. ref'd).
          The punishment assessed by the jury was nearer the maximum number of years
allowed for a second degree felony than the minimum, and was nearer the minimum for
the enhanced range than the maximum. Therefore, we are not convinced that, without the
enhancement paragraph, the jury would have assessed the same punishment. Indeed,
it is reasonable to conclude that, without such enhancement, the jury would have assessed
a lower punishment. Consequently, we cannot say that the error did not have a substantial
and injurious effect or influence on the jury's verdict. Sims v. State, 84 S.W.3d 768, 780
(Tex. App.—Dallas 2002, pet. ref'd). We hold the error was not harmless. Berry's first
point is sustained.
          In his second, third, and fourth points of error, Berry contends the trial court erred,
during the guilt/innocence phase of the trial, by admitting testimony from Berry himself
regarding the prior conviction alleged for enhancement. 
          The admission of extraneous offense evidence is reviewed under an abuse of
discretion standard. Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on
reh'g). If the trial court properly admits the evidence in light of the factors enunciated in 
Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990), and the court's decision to
admit the evidence is "within the zone of reasonable disagreement," the trial court's
decision will be upheld. Rankin, 974 S.W.2d at 718.
          Berry contends in his second point of error the trial court erred because the
testimony elicited by the State was false. Specifically, Berry asserts that the State's use
of the prior conviction as if it were final at the time of the commission of the primary offense
was inappropriate. The relevant testimony is as follows: 
[State:] Have you been convicted of a felony or crime of moral
turpitude?

                     [Berry:] Yes.

                     . . . .

                     [State:] What felony?

                     [Berry:] Aggravated assault.

                     [State:] With a deadly weapon?
 
                     [Berry:] Yes.

                     . . . .
 
[State:] And then on June 1st, 2002, you've got a pistol; and you're
doing it again? Yes?

                     [Berry:] Yes, but I don't see it that way.

                     . . . .
 
[State:] At the time of this offense, June 1st, 2002, you were a
convicted felon?

                     [Berry:] Yes.
 
                     [State:] And you had a pistol?
 
[Berry:] Was I a convicted felon at that time when the second one
happened?
 
[State:] At the time of June 1st, 2002, you were a convicted felon and
you had a pistol?
 
[Berry:] Well, my case was still under review at that time. That's how
I was out. That's how I was still out.
 
[State:] You were convicted on May 23rd, 2001. You told the jury that
just a minute ago.
 
[Berry:] Well, I was on appeal bond. That's how I was out. It wasn't
[af]firmed yet at that time is what I'm saying.

                     [State:] And you had a pistol?

                     [Berry:] Yes.

          None of the elicited testimony is false. Berry had been convicted of aggravated
assault May 23, 2001, and that conviction became final August 29, 2002. The trial of the
instant case commenced November 29, 2004. That conviction, although not final for
purposes of enhancement of punishment (as discussed above), was a final conviction for
purposes of impeachment. See Tex. R. Evid. 609. For reasons stated below, we hold the
trial court's decision to admit this testimony for impeachment purposes was reasonable. 
Berry's second point of error is overruled. 
          Berry next contends the trial court abused its discretion because the testimony
quoted was far more prejudicial than probative. Berry asserts the trial court did not perform
a Rule 609 balancing test for the admissibility of this conviction. See Tex. R. Evid. 609(a). 
We have previously held that a record of such a test is not necessary. When considering
the probative effect of evidence versus its possible prejudicial effect, the appellate court
may presume that the trial court conducted the balancing test, which need not be shown
in the record. Bryant v. State, 997 S.W.2d 673, 676 (Tex. App.—Texarkana 1999, no pet.). 
          Both Berry and the State correctly cite Theus v. State, 845 S.W.2d 874 (Tex. Crim.
App. 1992), as controlling authority on the admissibility of this conviction for impeachment
purposes. In Theus, the Texas Court of Criminal Appeals set forth five nonexclusive
factors the trial court should consider in the application of Rule 609 and in weighing the
probative value of a prior conviction against its prejudicial effect: (1) the impeachment
value of the prior crime; (2) the temporal proximity of the past crime relative to the charged
offense, and the witness' subsequent history; (3) the similarity between the past crime and
the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the
importance of the credibility issue. Id. at 880.
          Wide discretion is accorded the trial court's decision in weighing these factors, and
the decision should be reversed on appeal only if there is a showing of a clear abuse of
discretion. Id. at 881 (citing Montgomery, 810 S.W.2d at 391 (op. on reh'g)). 
          The court in Theus held that the impeachment value of crimes involving moral
turpitude and deception is higher than crimes involving violence, and the rule favors the
admission of evidence of those types of crimes. Berry's past crime involved violence. 
Therefore, the first factor weighs against admission. See id. With regard to temporal
proximity, the evidence shows that the prior conviction was well within the ten-year period
provided by Tex. R. Evid. 609(b). Therefore, the second factor weighs in favor of
admission. 
          As to the similarity between the past crime and the offense being prosecuted, the
two crimes were the same offense: aggravated assault, with a deadly weapon. The Texas
Court of Criminal Appeals stated in Theus: "If . . . the past crime and the charged crime
are similar, the third factor will militate against admission." Theus, 845 S.W.2d at 880. 
This is presumably because the jury would be more likely to consider such past crime as
proof of character rather than credibility. The third factor, therefore, weighs against
admission in this case. 
          As for the fourth and fifth factors, Berry and the complainant were the only
witnesses at the time of the offense. Therefore, Berry's testimony and his credibility as a
witness were very important. Hence, these factors weigh heavily in favor of admission. 
          Affording the trial court the wide discretion mandated by Theus, we hold the trial
court properly permitted the State to impeach Berry with this prior criminal conviction. The
third point of error is overruled. 
          Berry finally contends the trial court erred in admitting the above-quoted testimony
in violation of Rule 404 of the Texas Rules of Evidence to prove character in conformity.
In support of this contention, Berry asserts again the State elicited false testimony
regarding his prior conviction. We have already addressed the contention of false
testimony.
          Further, as discussed above, the trial court acted reasonably in allowing this
testimony for the purposes of impeachment. Again, we must afford the trial court wide
discretion. From the record before us, we cannot say the testimony was admitted solely
to show Berry's propensity for violence. Berry's fourth point of error is overruled.
          Having sustained Berry's first point of error and overruled his remaining points, we
affirm the judgment of conviction, but reverse the sentence imposed and remand the case
for a new punishment trial. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.
2004–2005). The State is prohibited from again attempting to use the alleged prior felony
conviction for the purpose of enhancing Berry's punishment for the primary offense alleged.
 See Jones, 711 S.W.2d at 636.
          We affirm the judgment of conviction. We reverse the sentence imposed and
remand the case for a new punishment trial, in accordance with this opinion.



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      September 7, 2005
Date Decided:         October 21, 2005

Publish