IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-1809-05 & PD-1810-05






TARENCE FLETCHER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keasler, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 At Tarence Fletcher's punishment phase, the State offered evidence of a prior
conviction for enhancement purposes. That evidence showed the conviction had been
appealed, but did not contain proof that it was final. At the State's request, the court of
appeals took judicial notice of the mandate issued in the enhancement conviction, therefore
relieving the State of its burden of proving finality. (1) We hold that the court of appeals erred
in doing so.

Facts and Procedural History

 Tarence Fletcher was charged with delivery of less than one gram of cocaine and
possession of more than four grams of cocaine. Both charges alleged two prior felony
convictions for enhancement purposes. Fletcher pled not guilty and proceeded to a jury trial. 
The jury found him guilty on both charges.

 At the punishment phase, Fletcher pled not true to the first enhancement paragraph
in each indictment, which alleged that Fletcher had a prior conviction for possession of
cocaine, a controlled substance. To prove that conviction, the State offered a penitentiary
packet into evidence. Although the packet included the judgment from the conviction, it also
showed that Fletcher had given notice of appeal. The State failed to enter any proof of the
finality of the conviction. But the trial judge found the enhancement paragraphs to be true
and sentenced Fletcher to thirty-five years' confinement in the delivery case and fifty years'
confinement in the possession case.

 Fletcher appealed both convictions to the Dallas Court of Appeals alleging, among
other things, that the evidence was "legally insufficient to support a finding of true to the first
enhancement paragraph in each indictment." (2) Citing an unpublished Dallas Court of Appeals
case as authority, the State included in its brief to the court of appeals a copy of the mandate
issued in regard to the enhancement conviction and requested that the court take judicial
notice of it. (3) The court of appeals took judicial notice of the mandate, stating, "If we were
to remand this case to the trial court for reassessment of punishment, the State would
introduce the mandate they produced with their brief in this appeal . . . ." (4) The court of
appeals asserted that "no facts or law would be different than what the trial court thought
them to be when the court assessed punishment the first time." (5) The court concluded,
therefore, that remanding the case "would be useless" and that "[t]he law does not require
a useless thing to be done." (6)

 We granted review to determine whether the court of appeals erred in taking judicial
notice of a mandate issued in another case by the same court of appeals. We hold that it did.

Law and Analysis

 In Jones v. State, we explained:

 The law is settled that a conviction from which an appeal has been taken is not
considered to be a final conviction until the conviction is affirmed by the
appellate court and that court's mandate of affirmance becomes final. In this
instance, because the sentence that was introduced into evidence by the State
to prove up the alleged prior felony conviction reflects that the conviction was
appealed, the State itself raised the question as to what disposition was made
of the appeal. It thus had the burden of proof to establish what disposition was
made of the appeal. Because the State failed to make a prima facie showing
of finality, the appellant had no burden to carry nor was he obligated to
complain about or object to the lack of finality of the alleged prior conviction. 
The case is simply one of failure of the State to sustain its burden of proof. (7)


 We also recognized that we had affirmed Jones's enhancement conviction in a
previous unpublished opinion, but we noted that "because 'We decline to review the records
of another case to find support for contentions raised in this appeal,'" we will not consider
the record of that appeal." (8) Similarly, where one court of appeals noted in its opinion that
it had affirmed a prior conviction in another cause, we advised:

 [I]t should be noted that although an appellate court may take judicial notice
of its own records in the same or related proceedings involving same or nearly
same parties, the general rule is that an appellate court cannot go to the record
of another case for the purpose of considering testimony found there but not
shown in the record case before it. (9)


 In another similar case, Glorioso v. State, Glorioso argued that the evidence was
insufficient to establish the finality of an enhancement conviction because the evidence at
trial showed that the conviction was being appealed. (10) He asserted that "since the State's
exhibit which noted that [Glorioso's] appeal . . . was final was never introduced before the
jury, there was no proof that that conviction, contained in one of the enhancement
paragraphs, was final." (11) But Glorioso failed to object to the finality of the enhancement
conviction, so the court of appeals held that he had waived his sufficiency claim. (12) We noted
that the court of appeals failed to cite Jones, so we remanded the case for reconsideration,
because Jones "appear[ed] to be dispositive of [Glorioso's] contention." (13)

 In this case, the State argues that Fletcher "ignores the drastic changes in both double
jeopardy jurisprudence and attitudes towards appellate judicial notice that have occurred
since Jones was decided." The State notes that an enhancement conviction that had been
deemed legally insufficient on appeal could not have been used at a new punishment phase
at the time this Court decided Jones. Therefore, the State asserts that double jeopardy
jurisprudence "essentially prohibited this Court from having the ability to take judicial
notice." Since Jones, however, double jeopardy law has changed, and the State may now use
an enhancement conviction on retrial. (14) 

 The State also claims that "drastic changes" in "attitudes towards appellate judicial
notice" have occurred since Jones, and as a result, "a court of appeals should be given
discretion to take judicial notice of its own mandate issued in another case." The State
argues that it would be proper to do so because "the court [would be taking] judicial notice
of its own records." Because the trial judge in Fletcher's case found the enhancement
paragraphs to be true, the State notes that the judge had "already assessed punishment for a
twice-enhanced offense." The State concludes, "the courts of appeals's judicial notice of the
mandate served to support the trial court's implicit finding that the enhancement conviction
was indeed final."

 Based on these arguments, the State asserts that the "ancillary holdings in Jones that
Fletcher relies on in support of his argument have not [survived]." We disagree. The court
of appeals claimed that, on remand, "the State would introduce the mandate they produced
with their brief in this appeal, just as the State would have at the punishment hearing if
appellant had raised the issue of whether the mandate had issued." (15) But it was not Fletcher's
burden to raise that issue. Once the State provides prima facie evidence of an enhancement
conviction, "this Court will presume that a conviction is final when faced with a silent record
regarding such." (16) But if the presumption of finality has been overcome--as here, where the
record shows that the penitentiary packet stated that the prior conviction had been
appealed--"Jones requires the State to proceed with proof of finality." (17)

 "Because the State failed to make a prima facie showing of finality, [Fletcher] had no
burden to carry nor was he obligated to complain about or object to the lack of finality of the
alleged prior conviction." (18) If the State had entered the mandate during the punishment phase
of Fletcher's trial, the burden to prove that the enhancement conviction had not become final
before the offenses for which Fletcher was on trial would then have shifted to Fletcher to
rebut the State's prima facie showing. (19) When the court of appeals below took judicial notice
of the mandate that it had issued for the prior conviction, it impliedly presumed that Fletcher
could not rebut the mandate. Therefore, the court of appeals deprived Fletcher of the
opportunity to rebut the State's prima facie showing. 

 In Russell v. State, we explained that "[a] harmless error analysis should not be
undertaken when the State fails to meet its burden of proof." (20) Simply because it might later
be deemed harmless error, we cannot endorse the court of appeals's attempt to fill in
evidentiary gaps by taking judicial notice of its own mandate from another case. If we
allowed this practice, the State would essentially be relieved of its burden of proving the
finality of an enhancement conviction at trial.

 The court of appeals cited Jones, but failed to follow it. It correctly noted that Jones
requires that the State prove the final disposition of an appeal from an enhancement
conviction. (21) But the court went on to take judicial notice of its own mandate in another
case--something we expressly refused to do in Jones. (22)

 Although the court of appeals claimed that remanding Fletcher's case "would be
useless" and that "[t]he law does not require a useless thing to be done," (23) we disagree. A
remand would not be a "useless thing." (24) Fletcher, or any other defendant faced with
rebutting the finality of a conviction, might allege and prove that the mandate had been
recalled as permitted under Texas Rule of Appellate Procedure 18.7 (25) or that he was not the
individual named in the mandate.

 But Fletcher's precise argument on remand is not important. Our holding is supported
by a defendant's right to rebut the State's prima facie showing of finality. We will not permit
the State to relieve its burden by requesting that a court of appeals take judicial notice of a
mandate, even if issued by that same court, where the State had the opportunity to introduce
that mandate at the punishment phase. To do so would not only deprive a defendant of the
opportunity to rebut the State's evidence, but would also allow the State to circumvent its
burden at trial.

Conclusion

 Because "the State failed to make a prima facie showing of finality," the proper
remedy is a reversal and remand. (26) We therefore reverse the judgments of the court of
appeals and remand these cases to the trial court for a new punishment hearing.

DATE DELIVERED: January 31, 2007

PUBLISH
1. Fletcher v. State, Nos. 05-04-01053-CR & 05-04-01054-CR, 2005 Tex. App.
LEXIS 6611, at *4 (Tex. App.--Dallas Aug. 18, 2005) (not designated for publication).
2. Id.
3. See State's Brief at 5 & App., Fletcher, 2005 Tex. App. LEXIS 6611 (Nos. 05-04-01053-CR & 05-04-01054-CR) (citing Buckley v. State, No.05-94-00662-CR, 1998
Tex. App. LEXIS 4493 (Tex. App.--Dallas July 27, 1998, no pet.)).
4. Fletcher, 2005 Tex. App. LEXIS 6611, at *5.
5. Id.
6. Id.
7. 711 S.W.2d 634, 636 (Tex. Crim. App. 1986).
8. Id. at 636 n.1 (quoting Garza v. State, 622 S.W.2d 85, 89 (Tex. Crim. App.
1981)).
9. Turner v. State, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (internal citations
and footnote omitted).
10. 746 S.W.2d 483, 483 (Tex. Crim. App. 1988).
11. Id.
12. Id.
13. Id. at 484.
14. Monge v. California, 524 U.S. 721, 724 (1998); Ex parte Watkins, 73 S.W.3d
264, 270-71 (Tex. Crim. App. 2002); Bell v. State, 994 S.W.2d 173, 175 (Tex. Crim.
App. 1999).
15. Fletcher, 2005 Tex. App. LEXIS 6611, at *5.
16. Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990).
17. Id.
18. Jones, 711 S.W.2d at 636; see also Russell v. State, 790 S.W.2d 655, 657 (Tex.
Crim. App. 1990).
19. Jones, 711 S.W.2d at 636.
20. 790 S.W.2d at 656.
21. Fletcher, 2005 Tex. App. LEXIS 6611, at *4.
22. Jones, 711 S.W.2d at 636 n.1 (quoting Garza, 622 S.W.2d at 89).
23. Fletcher, 2005 Tex. App. LEXIS 6611, at *5.
24. Id.
25. Tex. R. App. P. 18.7.
26. Jones, 711 S.W.2d at 636.