Reversed and Remanded and Opinion filed February 3, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00994-CR



Thelonious Paul
Henry, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 263rd District Court

Harris County, Texas

Trial Court
Cause No. 1054112



 

OPINION

Appellant Thelonious Paul Henry appeals his
conviction for aggravated assault on the ground that the evidence is legally
insufficient to establish that one of his prior felony convictions was final
for enhancement purposes.  We reverse and remand for a new hearing on punishment.

BACKGROUND

As is relevant to this appeal, appellant was
convicted by a jury of aggravated assault.  Appellant elected that the trial
court sentence him.  Two prior felony convictions were alleged for enhancement
purposes in the indictment:

Before the commission of the offense alleged [aggravated
assault] (hereinafter styled the primary offense), on June 29, 1987, in Cause
No. 0478635 in the 174th District Court of Harris County, Texas the
Defendant was convicted of the felony of Aggravated Assault on a Peace Officer.

Before the commission of the primary offense, and after the
conviction in Cause No. 1478635 was final, the Defendant committed the felony
of Robbery and was finally convicted of that offense on February 27,
1990 in Cause No. 0553131, in the 182nd District Court of Harris
County, Texas.

(emphasis added).  

Prior to sentencing, appellant stipulated that he was
the individual convicted of these two offenses (as well as numerous other
offenses).  Specifically, he entered the following relevant stipulations:

STIPULATION OF EVIDENCE

I, THELONIOUS HENRY . . . , in open court, agree to
stipulate the evidence in this case and I waive the appearance, confrontation,
and cross-examination of witnesses.  I consent to the oral stipulation of
evidence and to the introduction of affidavits, written statements of witnesses
and other documentary evidence.  I waive my right against self-incrimination
and confess the following facts:

1)     I am the
same THELONIOUS HENRY convicted on or about February 27, 1990 in the 182nd
District Court of Harris County, Texas in cause number 0553131 of the felony
offense of ROBBERY and was sentenced to 45 years in the Texas Department of
Corrections.

. . .

4)     I am the
same THELONIOUS HENRY convicted on or about June 29, 1987 in the 174th
District Court of Harris County, Texas in cause number 0478365 of the felony
offense of AGGRAVATED ASSAULT OF A PEACE OFFICER and was sentenced to 2 years
in the Texas Department of Corrections.

Certified judgments and
sentences were admitted into evidence for both of these offenses.  The judgment
and sentence document in cause number 0553131 indicates that notice of appeal
was filed on February 28, 1990.  

The trial court assessed appellant’s punishment at
sixty years’ confinement in the Texas Department of Criminal Justice,
Institutional Division.  The judgment and sentence document in this case
reflects that appellant pleaded “true” to the enhancement paragraphs, and the
trial court found these paragraphs true.  Appellant filed a motion for new
trial but did not raise the finality of his convictions before timely filing
this appeal.

ANALYSIS

In a single issue, appellant challenges his
conviction on the ground that the evidence is legally insufficient to show that
his prior conviction was final for enhancement purposes under Texas Penal Code
section 12.42(d).[1] 
This “habitual offenders” subsection provides that if the defendant 

has previously been finally convicted of two felony
offenses, and the second previous felony conviction is for an offense that occurred
subsequent to the first previous conviction having become final, on conviction
he shall be punished by imprisonment in the Texas Department of Criminal
Justice for life, or for any term of not more than 99 years or less than 25
years.

Tex. Penal Code Ann. §
12.42(d) (West Supp. 2009).  

First, we note that the State asserts that appellant
pleaded “true” to the enhancement paragraphs, which relieved it of its burden
of proving the enhancements.  However, the only indication in the record that
appellant pleaded “true” is the trial court’s judgment.  The reporter’s record
reflects neither that appellant pleaded true nor that the trial court found
these allegations true.  “[T]he fact that appellant entered a plea of ‘true’
must be affirmatively reflected by evidence in the record.”  Wilson
v. State, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984) (en banc).  In this
case, the record contains no evidence of a plea to the enhancement
allegations.  See id.  Therefore, we analyze this case as one in which
appellant did not plead “true” to the enhancement paragraphs.

To establish a defendant’s conviction of a prior
offense, the State must prove beyond a reasonable doubt that (1) a prior final conviction
exists, and (2) the defendant is linked to that conviction.  Flowers v.
State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).  Once the State provides
prima facie evidence of an enhancement conviction, we presume that the
conviction is final when faced with a silent record regarding finality.  Fletcher
v. State, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007).

The State introduced appellant’s judicial stipulation
and copies of the judgments and sentences for two offenses to support
enhancement of appellant’s conviction as an “habitual offender.”  In his
stipulation, appellant admitted that he was the individual convicted of both
offenses.  By stipulating that he was the person convicted of these offenses,
he relieved the State of its burden to establish that he was linked to these
convictions.  Cf. Bryant v. State, 187 S.W.3d 397, 400–01 (Tex. Crim.
App. 2005) (stipulations are formal concessions that have the effect of
withdrawing a fact from issue and wholly dispensing with the need for proof of
that fact).  However, nowhere in appellant’s stipulation does he state that
these convictions were final.  Further, we are not faced with a silent record
in this case:  the judgment and sentence document from the second conviction
alleged for enhancement purposes shows that the conviction had been appealed.  

It is well-established that a conviction from which
an appeal has been taken is not considered a final conviction until it is
affirmed by the appellate court and mandate has issued.  See Fletcher,
214 S.W.3d at 6 (quoting Jones v. State, 711 S.W.2d 634,
636 (Tex. Crim. App. 1986) (en banc).  Thus, by introducing as evidence the
judgment and sentence document for cause number 0553131, the State itself
raised a question as to the finality of this conviction and had the burden to
establish finality.  See id.at 6–7.  In Jones v. State,
the Court of Criminal Appeals explained:

Because the State failed to make a prima facie showing of
finality, the appellant had no burden to carry nor was he obligated to complain
about or object to the lack of finality of the alleged prior conviction.  The
case is simply one of failure of the State to sustain its burden of proof.

Jones, 711 S.W.2d at
636.  In short, “‘if the State’s proof of the prior conviction shows on its
face that the conviction was appealed, the State must put on evidence that
[the] mandate has issued.’”  Ex parte Chandler, 182 S.W.3d 350, 358
(Tex. Crim. App. 2005) (quoting Beal v. State, 91 S.W.3d 794, 797
(Keller, P.J., concurring)).  Here, the State did not introduce any
evidence that the second enhancing conviction was final.  Because the State
failed to sustain its burden of proof, this conviction cannot be used for
enhancement purposes.  

We conclude that, based on this record, no rational
trier of fact could have found the second enhancement paragraph true beyond a
reasonable doubt.  Cf. Williams v. State, 309 S.W.3d 124, 131 (Tex.
App.—Texarkana 2010, pet. ref’d) (concluding that, where judgment for one of the
enhancing allegations showed on its face that notice of appeal had been filed,
it did not provide legally sufficient evidence to support the enhancement even
though the appellant pleaded “true” to the allegations).  We thus
sustain appellant’s sole issue.

For the foregoing reasons, we affirm appellant’s
conviction but reverse that portion of the judgment assessing punishment.  See
Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2009).  We remand for
a new hearing on punishment.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Publish —
Tex. R. App. P. 47.2(b).









[1]
The State urges us to overrule appellant’s issue because it is inadequately
briefed.  See Tex. R. App. P. 38.1(i).  It argues that appellant (a)
does not “definitively identify” on appeal which prior conviction he is
claiming the evidence is insufficient to demonstrate finality, (b) lists a
cause number that does not appear to exist in this case, and (c) includes a
copy of the wrong judgment and sentence in his appendix.  Admittedly, appellant
misidentifies the cause number and exhibit number for the relevant enhancement
conviction.  But there are only two cause numbers for enhancement purposes
alleged in the indictment, and we have easily located the exhibits offered as
proof for these two enhancement convictions.  Further, although the second
enhancement paragraph mentions both prior convictions, it clearly focuses on
the second conviction in cause number 0553131.  Finally, appellant correctly
identifies the date the notice of appeal was filed in cause number 0553131. 
Thus, we decline to dispose of this case on briefing waiver.  Cf. Few v.
State, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007) (“[W]e have instructed
the courts of appeals to construe the Rules of Appellate Procedure reasonably,
yet liberally, so that the right to appeal is not lost by imposing requirements
not absolutely necessary to effect the purpose of a rule.”).