**Opinion issued July 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00622-CR

_____

**HAROLD EARL REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1404938**

---

## MEMORANDUM OPINION

A jury convicted appellant Harold Earl Reed of possession of cocaine in an amount greater than four grams and less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE §§ 481.102, 481.115. After hearing evidence of Reed's prior felony convictions, the trial court assessed punishment at 25 years in prison.

Reed contends that the court erred by denying a motion to suppress a statement he made at the time of his arrest. He also contends that his sentence was improperly enhanced because there was no evidence that one of his prior convictions was final and the court did not require him to plead to the enhancement allegations. In a third issue,

We affirm Reed's conviction, but we reverse the portion of the judgment assessing punishment and remand for a new punishment hearing.

## Background

Houston Police Department officers executed a search warrant at a house where a confidential informant had purchased crack cocaine. When the officers entered the house, they noticed that the bathroom door was closed. They forcibly entered the bathroom and saw Reed sitting on the toilet with the lid closed, wearing only boxer shorts and a t-shirt. The officers heard the toilet tank filling and ordered Reed to move to the floor, but he refused. The officers handcuffed him and took him to the living room, where they met Officer Lara, who they asked to take Reed outside. Reed asked for some clothing, and Officer Lara asked where his clothes were. He responded by stating that they were in the bedroom and nodding toward it. Officer Lara retrieved some clothing from the bedroom for Reed and then escorted him outside.

Meanwhile, the other officers searched the house. In the kitchen, they found crack cocaine in plain view, along with a beaker and a wire whisk, which are commonly used for making crack cocaine. In the bedroom, they found crack cocaine in the pocket of a jacket, along with clothing in Reed's size and certificates of completion of various trade courses bearing his name.

Reed was arrested and charged with possession of cocaine. The indictment did not include any enhancements. The State later filed a document entitled "Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses." This document listed four prior convictions: possession of a controlled substance in 1998, 1999, and 2001, as well as a 1999 conviction for possession of a weapon by a felon. The State indicated that it intended to offer evidence of the prior offenses to "enhance the range of punishment."

Reed's counsel filed a motion in limine, asking the court to prohibit the State from introducing evidence about statements he made to police at the time of his arrest. During trial and outside the presence of the jury, the court held a hearing on the admissibility of Reed's statement that his clothes were in the bedroom. The court ruled that the statements were admissible.

The jury found Reed guilty, and he elected to have the court assess punishment. Referring to the filed notice of intent to use evidence of prior convictions and extraneous offenses, the court asked the State if it had proof of

3

those convictions. The State introduced pen packets as evidence of Reed's prior conviction of three felony offenses, two of which were committed during the same criminal transaction. Reed's mother testified on his behalf urging leniency. She told the court that Reed grew up in a poor and crime-ridden neighborhood, with little opportunity, and that he became associated with the wrong crowd as an adolescent. She also testified about Reed's prior acts of kindness and selflessness—such as rescuing his two younger sisters from a burning building, personally caring for his elderly and incontinent grandfather, and sharing his earnings with neighbors more needy than himself.

In closing argument, defense counsel alluded to the enhancements, and he argued that the 2001 conviction was not final. Reed's counsel stated that the proper punishment range was "five to life," and he urged the court to assess punishment of "somewhere around five years." The State argued that Reed was a recidivist and urged the court to sentence him to "a 25-year minimum." The trial court found that the State had "proved the enhancements" and that Reed and his counsel "were aware of the enhancements, [and] of the range of punishment if [the] enhancements were proved up." The court sentenced Reed to 25 years in prison, and he appealed.

### Analysis

On appeal, Reed challenges the court's ruling on the admissibility of his statements to police, arguing that it was error to admit them because they were the

4

result of custodial interrogation. He also raises two issues pertaining to sentencing, seeking a remand for a new sentencing hearing.

## I.    Admission of evidence

In his third issue, Reed argues that the trial court erred by overruling his motion to suppress the statements he made to Officer Lara. Defense counsel filed a motion in limine pertaining to those statements, and the trial court held a hearing on their admissibility outside the presence of the jury. The trial court ruled that the statements were admissible, overruling Reed's objection that admission of the statements would violate his rights under article 38.22 of the Code of Criminal Procedure because they were non-recorded custodial statements.

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). As with other types of evidentiary rulings, we uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Layton*, 280 S.W.3d at 240 (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). The test for abuse of discretion is whether the ruling was arbitrary or unreasonable. *Montgomery*, 810 S.W.2d at 380. We "may *uphold* a trial court's ruling on any legal theory or basis applicable to the case." *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

Article 38.22 prohibits the use of an oral statement of an accused made as a result of custodial interrogation unless the statement is made voluntarily, after the accused is informed of his rights, and it is electronically recorded. TEX. CODE CRIM. PROC. art. 38.22 § 3; *see also Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966) (requiring that a person receive a warning informing him of his constitutional rights prior to any custodial interrogation). But neither *Miranda* nor article 38.22 precludes the admission of a statement that is not the product of a custodial interrogation. *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612; TEX. CODE CRIM. PROC. art. 38.22 § 5; *accord Aguilera v. State*, 425 S.W.3d 448, 455 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Not all statements obtained by police while a person is in custody "are to be considered the product of interrogation." *Rhode Island v. Innis*, 446 U.S. 291, 299, 100 S. Ct. 1682, 1688–89 (1980). To be considered an interrogation, a question must denote "a measure of compulsion above and beyond that inherent in custody itself." *Id.* at 300, 100 S. Ct. at 1689. That is, "interrogation" refers to "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301, 100 S. Ct. at 1689–90. Furthermore, article 38.22 excepts from its prohibition a statement by the defendant "that is the res gestae of the arrest or of the offense." TEX. CODE CRIM. PROC. art. 38.22 § 5.

Reed argues that he was in custody, and we assume for the purpose of our analysis that he was. Officer Lara encountered Reed in the living room of the house being searched. Reed requested his clothes, and Officer Lara asked him where they were. In response, Reed nodded toward a bedroom and said, "They are in my room." On appeal, Reed contends that this custodial statement was inadmissible. Specifically, Reed argues that his statements were not res gestae, and even if they were res gestae they nevertheless would not be admissible. However his appellate argument does not address whether any interrogation occurred at all.

At trial, defense counsel stated that he had no objection to the admission of Reed's request for his clothes. However counsel argued that "every other follow-up question by the police and afterwards" was required to be recorded because Reed was "clearly" in custody. He made no argument that Officer Lara should have known that his question was "reasonably likely to elicit an incriminating response." *Innis*, 446 U.S. 301, 100 S. Ct. at 1689–90. Nothing in the record indicates that he should have had such an awareness. Rather, the record supports a conclusion that Officer Lara asked where the clothes were so that he could accommodate Reed's request for them. Although Reed's response to the question tended to connect him to the contraband found in the house, under the circumstances, we hold that the record supports the conclusion that Officer Lara's response to a request for clothing was not an interrogation. *See id.*; *see also Batiste*

7

*v. State*, No. AP-76,600, 2013 WL 2424134, at *14–15 (Tex. Crim. App. June 5, 2013) (not designated for publication) (holding that officer's question as to whether the appellant needed medical attention was not an interrogation), *cert. denied*, 134 S. Ct. 1000 (2014). Because Officer Lara's question did not constitute an interrogation, Reed's response was not the product of custodial interrogation. As such, we hold that the trial court did not err by admitting the statement. *See Layton*, 280 S.W.3d at 240. We overrule Reed's third issue.

## II.    Improper enhancement of punishment

Reed argues that the evidence is legally insufficient to support the trial court's finding of a final conviction for enhancement purposes. The State introduced evidence that, as part of a plea bargain, Reed pleaded guilty to the third-degree felony offenses of possession of cocaine and possession of a firearm by a felon. Both of these offenses were committed on October 7, 1999. The State also introduced a judgment of conviction from 2001 for the first-degree felony offense of possession with intent to deliver cocaine in an amount greater than four but less than 200 grams. In that case, a jury found Reed guilty and assessed punishment of 23 years in prison. The judgment shows that a notice of appeal was filed, but there is no indication as to whether a mandate was received from the court of appeals. Reed contends that the record did not show that the 2001 conviction was final, and

8

the court erred by considering it for the purpose of enhancing punishment because there was no evidence that he had been finally convicted in that case.

Possession of cocaine in an amount more than four but less than two hundred grams is a second-degree felony. TEX. HEALTH & SAFETY CODE §§ 481.102, 481.115. The range of punishment for a second-degree felony is imprisonment for two to 20 years. TEX. PENAL CODE § 12.33. However, if the State proves that the defendant previously has been finally convicted of a felony other than a state-jail felony, the punishment range is enhanced to that of a first-degree felony, i.e., five to 99 years or life in prison. *Id.* § 12.42(b). If the State proves that the defendant has previously been finally convicted of two felony offenses, and the second prior felony conviction is for an offense that occurred after the first felony conviction became final, then the defendant may be sentenced as a habitual offender, and the punishment range is enhanced to 25 to 99 years or life in prison. *Id.* § 12.42(d).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). A "conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final." *Jones v.*

*State*, 711 S.W.2d 634, 636 (Tex. Crim. App. 1986). When the record shows that an appeal has been taken from a prior conviction, the State bears the burden to prove that the conviction has become final. *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007); *Tate v. State*, 414 S.W.3d 260, 265 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

The State concedes error, and we agree. The jury found Reed guilty of the second-degree felony offense of possession of between four and 200 grams of cocaine. *See* TEX. HEALTH & SAFETY CODE §§ 481.102, 481.115. Although the State proved that Reed had previously been finally convicted of a third-degree felony in 1999, it did not prove that the 2001 first-degree felony conviction was final. The judgment states that notice of appeal was given, but nothing in the record shows that an appellate court mandate issued. As such, there is no proof of finality of that conviction. *See Fletcher*, 214 S.W.3d at 8; *Jones*, 711 S.W.2d at 636; *Tate*, 414 S.W.3d at 265. Accordingly we hold that the evidence was insufficient to establish the predicate necessary to use the 2001 conviction to enhance Reed's punishment. *See Tate*, 414 S.W.3d at 265 (reversing as to punishment without conducting a harm analysis). As such, the State did not prove that the court was required to assess punishment of no less than 25 years in prison. *See* TEX. PENAL CODE § 12.42(d). We sustain this issue and remand for a new hearing on punishment. In light of the disposition of this issue, we need not address

10

Reed's other arguments complaining about his punishment. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm Reed's conviction, but we reverse the portion of the judgment assessing punishment, and we remand for a new hearing on punishment.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).