**Reversed and Remanded and Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00180-CR

**HENRY LEE ROGERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1569382**

## OPINION

Henry Lee Rogers appeals his conviction for attempted sexual assault. His sole issue on appeal concerns the conviction used to enhance his punishment.[1]

---

[1] The judgment of conviction incorrectly states (1) the conviction is for sexual assault, and (2) appellant pleaded "true" to the enhancement paragraph. The record indicates (1) appellant was found guilty of attempted sexual assault, and (2) he pleaded "not true" to the enhancement paragraph. If there were no reversible error, we would modify the judgment to reflect the correct offense and plea and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b). Because we are reversing the judgment on another basis, there is no reason to modify it.

Attempted sexual assault is a third-degree felony.[2] With certain exceptions not relevant in this case, a person convicted of a third-degree felony who was previously finally convicted of another felony other than a state-jail felony shall be punished for a second-degree felony. Tex. Penal Code § 12.42(a). To establish a defendant's conviction of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior final conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). A conviction from which an appeal has been taken is not considered to be a final conviction for purposes of punishment enhancement until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final. *See Carter v. State*, 510 S.W.2d 323, 324 (Tex. Crim. App. 1974); *accord Jones v. State*, 711 S.W.2d 634, 636 (Tex. Crim. App. 1986). The State bears the burden to prove an enhancement conviction is final. *See Jones*, 711 S.W.2d at 636. Once the State provides prima facie evidence of an enhancement conviction, we presume the conviction is final if the record is silent regarding finality. *See Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007); *accord Henry v. State*, 331 S.W.3d 552, 555 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The State alleged two enhancement convictions, one from 1979 and one from 1982. During the punishment hearing, the trial court found the State had not satisfied its burden to link appellant to the 1979 conviction. The record contains evidence that the 1982 conviction was appealed, but there is no evidence regarding the disposition of the appeal. The trial court used only the 1982 conviction to enhance appellant's punishment for attempted sexual assault.

Appellant contends the evidence is legally insufficient to support the trial

---

[2] *See* Tex. Penal Code §§ 22.011(f) (sexual assault is second-degree felony), 15.01 (attempted offense is one category lower than offense attempted).

court's finding of "true" with respect to the 1982 enhancement conviction because the evidence shows appellant appealed, but there is no evidence in the record as to if or when the mandate of affirmance of that conviction was issued.

The record is not silent as to finality; there is evidence that the 1982 conviction was appealed. Because the record is not silent, there is no presumption of finality, and the State bears the burden to prove the 1982 conviction is final. *Jones*, 711 S.W.2d at 636. The State concedes the record does not reflect if or when the mandate of affirmance of the 1982 conviction was issued, which means the State did not satisfy its burden to prove a final conviction exists. *See Flowers*, 220 S.W.3d at 921. Therefore, the evidence is legally insufficient to support the trial court's finding of "true" regarding the 1982 enhancement conviction. We sustain appellant's sole issue.

The punishment range for a third-degree felony is two to 10 years' imprisonment and a discretionary fine not to exceed $10,000. *Id.* § 12.34(a), (b). The trial court sentenced appellant to imprisonment for 20 years, a sentence outside the authorized range of punishment.

Appellant is entitled to a new trial on punishment. *Jones*, 711 S.W.2d at 636; *accord Henry*, 331 S.W.3d at 556. We reverse the judgment and remand the case to the trial court for a new punishment hearing only.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Hassan and Poissant.

Publish — TEX. R. APP. P. 47.2(b).

3