

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00076-CR
_____

JAMES MICHAEL TESI, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1261606

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In 2012, Appellant James Michael Tesi was convicted of aggravated assault of a public servant and was sentenced to 35 years' confinement. He appealed, and this court affirmed his conviction in 2014, and later that same year, the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Tesi v. State*, No. 02-12-00096-CR, 2014 WL 70084, at *1 (Tex. App.—Fort Worth Jan. 9, 2014, pet. ref'd) (mem. op., not designated for publication). The mandate—signaling the end of the appellate process—issued on August 29, 2014. Tesi has now filed another notice of appeal. The notice of appeal states, "The time for an appeal has expired[,] but new evidence has be[en] b[r]ought forward and needs to be presented." The notice of appeal did not attach or reference any new appealable order from the trial court.

Generally, once a person has been finally convicted of a felony,[1] the exclusive method for challenging that conviction is an application for habeas corpus relief under Texas Code of Criminal Procedure Article 11.07.[2] Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*,

---

[1]A conviction from which an appeal has been taken is not considered final until the conviction is affirmed by the appellate court and that court's mandate of affirmance has issued. *Jones v. State*, 711 S.W.2d 634, 636 (Tex. Crim. App. 1986).

[2]An applicant may seek relief under a different article when the judgment of conviction orders community supervision. *See Ex parte Holland*, No. 05-24-01296-CR, 2025 WL 484537, at *2 (Tex. App.—Dallas Feb. 12, 2025, no pet. h.) (mem. op., not designated for publication) (discussing Texas Code of Criminal Procedure Article 11.072). That article does not apply here.

910 S.W.2d 481, 483 (Tex. Crim. App. 1995). This court has no jurisdiction over matters relating to Article 11.07 applications. *See Keene*, 910 S.W.2d at 483; *see also Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

We notified Tesi of our concern that we lacked jurisdiction over his appeal and warned him that we could dismiss his appeal for lack of jurisdiction unless he filed a response showing grounds for continuing the appeal. In response, Tesi filed a "Memorandum of Law," an "Addendum," and other documents. Although not entirely clear, the response appears to challenge his 2012 conviction. The response does not indicate that the trial court has signed any new appealable order and does not show any basis for this court's jurisdiction.

Because Tesi has not provided any grounds for this court's exercise of jurisdiction over his appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 1, 2025