# JANUARY 26, 1944

EDWARD FRANCIS GOODALE V. THE STATE.

No. 22660. Delivered January 26, 1944.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the State penitentiary for life.

Appellant brings forward quite a number of complaints but we do not deem it necessary to discuss each of them in view of the disposition we are making of this case.

His main complaint relates to the objection interposed to certain evidence because there is a variance between the proof and the allegations in the indictment as will hereinafter be more clearly set out. Appellant was primarily charged by indictment with the offense of burglary alleged to have been committed by him in the City of Dallas on the night of March 6, 1943, by breaking into the cafe of Clyde Rugel with intent then and there to take therefrom corporeal personal property belonging to the said Rugel.

For the purpose of enhancing the punishment of the appellant in the event of his conviction, it was charged in the second paragraph of the indictment that theretofore, on the 15th day of June, 1935, he, the said Edward Francis Goodale, was duly, legally and finally convicted in the Criminal District Court No. 2 of Harris County, Texas, in Cause No. 40,960, of the offense of theft of property over the value of fifty dollars. In the third or last paragraph of said indictment, it was charged that prior to the commission of the offense charged in Count No. 1 and subsequent to the conviction charged in Paragraph 2 thereof, he, the said Edward Francis Goodale, was, on the 27th day of June, 1938, duly, legally and finally convicted in the District Court No. 2 of Harris County, Texas, in Cause No. 44,092, of the offense of burglary. The State, in support of the allegations of the former conviction in Cause No. 40,960, as charged in Paragraph 2 of the indictment, introduced in evidence a judgment rendered on the 12th day of June, 1935, and the sentence passed upon him on June 15th of said month, to the introduction of which appellant objected on the ground that there was

a variance between it and the allegation. The judgment of conviction did not become final until sentence was passed upon the defendant, which was on June 15, 1935. Hence the proof corresponds to the averments of said paragraph.

It will be noted that in the third paragraph of the indictment, it was charged that he was finally convicted on the 27th day of June, 1938, this being the date the mandate was issued by the clerk of this court. The evidence introduced in support of the allegations in the third paragraph of the indictment shows that judgment was rendered and entered in said cause on the 9th day of November, 1937, and sentence passed upon him on the 11th day of the following month, at which time the judgment of conviction became final. From said judgment of conviction he appealed to this court which affirmed the same on the 8th day of June, 1938. However, the mandate was not issued until the 27th day of June, 1938. The issuance of the mandate by the clerk of this court was but a ministerial act and did not in any manner affect the finality of the judgment rendered by the trial court nor did the order of affirmance by this court affect it. The appeal from the judgment of conviction merely stayed the execution or enforcement of the judgment of the trial court. Therefore, when the judgment of conviction was entered and sentence pronounced upon the accused, the judgment became final notwithstanding he appealed from such judgment and sentence. Consequently there was a variance between the allegations in the indictment and the proof. It follows that the variance between the proof and the allegations in the last paragraph of the indictment as to the date of the previous final conviction is fatal. See Childress v. State, 100 S. W. (2d) 102, 131 Tex. Cr. R. 487; Morman v. State, 75 S. W. (2d) 886; Childress v. State, 116 S. W. (2d) 396; Ellis v. State, 115 S. W. (2d) 660; and Arnold v. State, 74 S. W. (2d) 997.

It may not be amiss to here state that in charging former conviction the better practice would be to allege the date of the judgment, and sentence.

Appellant's next contention is that the court erred in declining to instruct the jury that although they should believe from the evidence that appellant entered the premises at the time and place in question but that he did so through an open door, then he could not be convicted of burglary. If the evidence was sufficient to raise that issue then, of course, he would be entitled to such an instruction. We have read the record rather carefully with this question in mind but entertain serious doubt

as to the sufficiency of the evidence to require an instruction on the law relative thereto. It is true that Rugel said he did not remember whether he bolted the back door or not; that if it had been bolted it could not have been opened from the outside, but he did remember that he closed the door, and there is no evidence to the contrary from any source. If the door was closed and the appellant opened it, although it was not locked, he would, nevertheless, be guilty of burglary.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.