COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-456-CR
NO. 2-02-457-CR
NO. 2-02-458-CR
 
VANOY KERMIT GREEN III                                                      APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
367TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Vanoy Kermit Green III appeals his convictions for possession of 
marijuana, possession of a firearm by a felon, and possession of cocaine with 
intent to deliver. On the day of trial, appellant moved to compel the State to 
disclose the identity of its confidential informant. See Tex. R. Evid. 508(c)(2). 
After a hearing, the trial court ruled that the State was required to disclose its 
informant’s identity if it chose to present evidence of certain controlled drug 
buys. Before trial continued, the State notified the court and appellant that it 
would be disclosing its informant’s identity, and the State’s second witness 
testified concerning the identity. 
        In his sole issue, appellant complains that the trial court reversibly erred 
by failing to hold the in camera hearing required by Rule 508(c)(2) and by failing 
to instruct the State when it was required to decide whether to disclose the 
informant’s identity. 
 

 Under the circumstances presented here, we hold that 
the trial court’s failure to conduct the in camera hearing, if erroneous, did not
violate appellant’s substantial rights. See Heard v. State, 995 S.W.2d 317,
321 (Tex. App.—Corpus Christi 1999, pet. ref’d) (op. on reh’g) (applying
“substantial rights” test to trial court’s denial of motion to disclose); accord
Beal v. State, 35 S.W.3d 677, 685 (Tex. App.—Houston [1st Dist.] 2000),
rev’d on other grounds, 91 S.W.3d 794 (Tex. Crim. App. 2002). Appellant
received what he requested—the disclosure of the State’s confidential
informant.
        Accordingly, we overrule appellant’s issue and affirm the trial court’s 
judgment.
                                                                  PER CURIAM 

PANEL F:   CAYCE, C.J.; LIVINGSTON, J.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 4, 2003