

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00160-CR

_____

DEVIN ERIC MIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 37781-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I. Background

On December 29, 2008, David Eric Mims was apprehended in Fred's Department Store in Longview, Texas, while attempting to steal video games. Mims was indicted and charged as a habitual theft offender.[1] According to the indictment, Mims was previously convicted of theft on August 8, 2003, in the County Court at Law of Gregg County, with a second theft conviction on March 30, 2006, in the 71st Judicial District Court of Harrison County. On July 10, 2009, Mims entered a plea of guilty to the charge of theft of property of a value less than $1,500.00 and pled true to both prior convictions.[2]

Mims signed a stipulation of evidence in which he admitted the theft on December 29, 2008, and confirmed his conviction of the two prior thefts, acknowledging dates and courts of conviction.

---

[1]Mims was charged with theft of property of less than $1,500.00, a class A misdemeanor. TEX. PENAL CODE ANN. § 31.03(e)(3) (Vernon Supp. 2009). Where, as here, the value of the property stolen is less than $1,500.00 and the defendant has two prior convictions for any grade of theft, the offense becomes a state jail felony. TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp. 2009).

[2]Also on July 10, 2009, Mims entered a guilty plea in trial court cause number 38,009-B to the charge of theft of a value less than $50.00. The indictment in that case alleged two prior theft convictions dated June 25, 1997, in the County Court of Gregg County and August 8, 2003, in the County Court at Law of Gregg County. Mims pled true to both prior convictions. Mims' appeal of the sentence in trial court cause number 38,009-B is the subject of a separate opinion entered of even date herewith, styled *David Eric Mims v. The State of Texas*, No. 06-09-00161-CR.

After having accepted Mims' plea of guilty, the trial court assessed punishment of two years in a state jail facility.[3]  On appeal, Mims complains that (1) due to a variance between the indictment and the evidence, punishment for a state jail felony was incorrectly applied, (2) the State impermissibly enhanced punishment with a prior theft conviction, when the same prior conviction was used to enhance punishment on a different theft charge, in violation of the Double Jeopardy Clause of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure, and (3) the trial court erred in failing to consider the full range of punishment in a context that violates his due process rights and implicates the Eighth Amendment protection against cruel and unusual punishment.

Because we find no error in sentencing, we affirm the judgment of the trial court.

## II.    No Waiver of Complaint

The State contends that Mims waived any objection to the variance between the indictment and the evidence by failing to comply with Rule 33.1(a)(1) of the Texas Rules of Appellate Procedure, which requires the record show that the complaint was made to the trial court by a timely request, objection, or motion.   TEX. R. APP. P. 33.1(a)(1).   We disagree.

Mims' complaint on appeal is that there is a variance between the allegation and the proof of the date of conviction of an enhancement allegation.   On that premise, Mims argues that the

---

[3]Except in circumstances that do not apply here, the range of punishment for a state jail felony is "confinement in a state jail for any term of not more than two years or less than 180 days."   TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2009).   A person adjudged guilty of a state jail felony may also be fined in an amount not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.35(b) (Vernon Supp. 2009).   No fine was imposed in this case.

3

State did not prove the allegations in the indictment and the State's pleadings (enhancement allegations) "do not find support in the evidence." In essence, this is a claim that the evidence is legally insufficient to prove the allegations of the State. Legal sufficiency of the evidence may be challenged for the first time on appeal. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).

### III.    The Theft Conviction Was Correctly Enhanced

In his first appellate point, Mims contends that because the indictment alleged an incorrect conviction date for a prior theft, the evidence at trial failed to comport with the indictment. As a result, it is alleged that Mims' theft conviction was incorrectly enhanced and punishment should have been only for a class A misdemeanor.

At issue is the following language in Mims' indictment:

> the defendant had theretofore been twice convicted of theft in that on the 8th day of August, 2003, in the County Court at Law of Gregg County, Texas, in cause number 2003-2731, the defendant was convicted of the offense of Theft, and on the 30th day of March, 2006, in the 71st Judicial District Court of Harrison County, Texas, in cause number 04-0338, the defendant was convicted of the offense of Theft, . . . .

Mims alleges an incorrect conviction date of March 30, 2006, on the second prior conviction. In fact, the judgment rendered on that prior conviction indicates a date of May 9, 2005, for an offense committed on July 29, 2004. Mims entered into a negotiated plea agreement on that charge of two years in a state jail facility probated to four years and a $1,000.00 fine, not probated. On March 30, 2006 (the date stated in the indictment here), the trial court entered a judgment revoking

Mims' community supervision and imposing a sentence of fourteen months in the state jail division–Texas Department of Criminal Justice.

Indeed, the indictment in the present case incorrectly reflects a conviction date on the prior theft of March 30, 2006, when Mims was in fact convicted on May 9, 2005. Mims' community supervision was revoked, and he was sent to jail on March 30, 2006. The question before this Court is whether the variance between the date of the conviction listed in the indictment and the proof presented at trial is fatal, thus requiring a new punishment hearing.

Mims claims that because the allegations in the State's pleading are not supported in the evidence, the prior theft conviction remains unproven, and the punishment range for a class A misdemeanor applies. Accordingly, Mims seeks a new punishment hearing. In support of this position, Mims relies on *Goodale v. State*, 146 Tex. Crim. 568, 177 S.W.2d 211 (1944). In that case, Goodale claimed a fatal variance between the indictment (which alleged an incorrect prior conviction date) and the proof which showed that judgment was rendered and entered by the trial court on a different date. Goodale's conviction was affirmed on appeal. The date of the court of appeals' mandate was listed in the indictment as the date of conviction. *Id.* at 212. Having determined that the mandate was a ministerial act that did not affect the finality of the judgment rendered by the trial court, the Texas Court of Criminal Appeals held the variance between the proof and the allegations in the last paragraph of the indictment to be fatal. *Id.*

5

Unlike this case, *Goodale* was concerned with the finality of a prior conviction for enhancement purposes. In that regard, the logic and reasoning in *Goodale* was taken to task in the 2002 case of *Beal v. State*, 91 S.W.3d 794 (Tex. Crim. App. 2002). *Beal* held that for purposes of determining the finality of a conviction, the date of the appellate court mandate affirming the conviction is controlling. *Goodale* is therefore no longer good law for the core proposition for which it stands, i.e., the finality of conviction is measured by the date of the trial court's judgment. Further, *Goodale* cannot be read as black letter law for the proposition that Mims recites, i.e., when there is a variance between a conviction date on a prior conviction used for enhancement purposes and the evidence of that conviction date, such variance is fatal. Unquestionably, the law of variance has changed considerably since 1944. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) (declaring variance between indictment and evidence fatal only if material and prejudices substantial rights of defendant).

Allegations of prior convictions for enhancement of punishment purposes have traditionally required less particularity than must be used in charging the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). The rationale for this rule relates to the purpose of the enhancement allegations of an indictment, i.e., to provide the accused with notice of the prior conviction upon which the State relies. *Tenner v. State*, 850 S.W.2d 818, 820 (Tex. App.—El Paso 1993, no pet.). Consequently, where a variance is shown in the enhancing portion of an indictment, the accused is required to show that the variance resulted in surprise, to his or her

6

prejudice.  *Freda*, 704 S.W.2d at 43; *Hall v. State*, 619 S.W.2d 156, 157 (Tex. Crim. App. [Panel Op.] 1980); *Simmons v. State*, 288 S.W.3d 72, 80 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Reese v. State*, 905 S.W.2d 631, 635 (Tex. App.—Texarkana 1995, pet. ref'd, untimely filed).  Indeed, a showing of prejudicial surprise has typically been required in cases where a variance is shown in the enhancing portion of an indictment.  *Benton v. State*, 770 S.W.2d 946, 947–48 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) (variance between indictment and State's proof at trial regarding date of conviction used for enhancement purposes not fatal because it did not cause surprise or harm); *Pinkston v. State*, 681 S.W.2d 893 (Tex. App.—Fort Worth 1984, pet. ref'd) (variance in date prior conviction became final); *Dula v. State*, 679 S.W.2d 601 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) (variance in cause number); *Lopez v. State*, 654 S.W.2d 521 (Tex. App.—Corpus Christi 1983, pet. ref'd) (variance between date of prior conviction alleged and that proved not fatal).

In addition to the moderated pleading requirement authorized for enhancement allegations, the Texas Court of Criminal Appeals has addressed the issue of variance for the primary offense in *Gollihar*, 46 S.W.3d 243.  In that case, the court recognized the long-standing rule that a variance between an indictment and proof is a question of evidentiary insufficiency.  *Id.* at 247.  Our analysis of whether the evidence is factually sufficient is measured against the elements of the offense with the same kind of analysis as that applied in the test for a hypothetically correct jury

7

charge.[4] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. In making this analysis, we observe the holding of *Gollihar* that "when faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a 'material' variance will render the evidence insufficient." *Gollihar*, 46 S.W.3d at 257.

Whether a variance is viewed as a sufficiency of the evidence problem or as a notice related problem, a variance that is not prejudicial to a defendant's "substantial rights" is immaterial. *Id.* at 247–48. To determine whether a defendant's substantial rights have been prejudiced by a variance, two questions must be asked: (1) whether the indictment informed the defendant of the charge against him or her sufficiently to allow the defendant to prepare an adequate defense at trial; and (2) whether the prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Id.* at 248.

Under the standards set forth above, we cannot conclude that Mims was surprised or prejudiced by the variance in issue. Mims' signed stipulation of evidence recited that "on the 30th day of March, 2006, in the Judicial District Court of Harrison County, Texas, in cause number 04-0338, I, DEVIN ERIC MIMS, was convicted of the offense of Theft, as charged in the

---

[4]*Malik* controls "even in the absence of alleged jury charge error." *Gollihar*, 46 S.W.3d at 255.

indictment." Both the enhancement paragraph and the judgment issued by the 71st Judicial District Court of Harrison County show the same cause number, the same number and location of the convicting court, and the same grade of offense. The only variance was in the date of conviction. At the time a copy of the judgment was offered as evidence, there was no objection to its admission. The variance did not result in Mims' inability to know what the charges against him were so that he was unable to prepare a defense.

Further, the prior conviction wherein the erroneous date was alleged was only used to impose a greater penalty for the underlying offense; therefore, Mims is not subjected to the risk of being prosecuted later for the same theft as was alleged in this indictment.

Mims' first point of error is overruled.

## IV. No Violation of Double Jeopardy Protections

Mims alleges the instant indictment (cause number 37781-B) and the indictment in state court cause number 38,009-B both allege a common prior conviction for enhancement purposes, dated July 25, 2002, in trial court cause number 2003-2731. This contention is inaccurate. The instant indictment alleges a theft conviction of March 30, 2006, as discussed in the previous section of this opinion. In addition, the indictment alleges a previous theft conviction dated August 8, 2003, in the County Court at Law of Gregg County, Texas, in cause number 2003-2731. The information upon which Mims was convicted in cause number 2003-2731 contains an enhancement paragraph alleging a prior theft conviction of July 25, 2002. However, the July 25,

9

2002, prior conviction was not used to enhance the theft conviction in this case.[5] While Mims'

factual recitals regarding enhancement are inaccurate, his underlying complaint that the indictment

in this case and in our companion case both allege the same prior theft conviction in the

enhancement paragraph of each is accurate. The date of the prior theft conviction is, however,

August 8, 2003. Accordingly, we analyze Mims' second point of error to determine the existence

of a double jeopardy violation based upon the dual usage of the August 8, 2003, prior conviction to

enhance each charge.

Mims relies upon Article I, Section 14 of the Texas Constitution, which provides, in

pertinent part:

> No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor
> shall a person be again put upon trial for the same offense, after a verdict of not
> guilty in a court of competent jurisdiction.

TEX. CONST. art. I, § 14. The same rule of law is stated verbatim in Article 1.10 of the Texas Code

of Criminal Procedure, upon which Mims also relies. *See* TEX. CODE CRIM. PROC. ANN. art. 1.10

(Vernon 2005). Finally, Mims relies upon the double jeopardy protections of the Fifth

Amendment to the United States Constitution.

Conceptually, the State and Federal double jeopardy provisions are identical. *Phillips v.*

*State*, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990). The Double Jeopardy Clause of the

---

[5]Mims claims the indictment's enhancement paragraph in the companion case, *Mims v. State*, 06-09-00161-CR, also utilized a prior theft conviction of July 25, 2002. In that case, the indictment alleges a prior theft conviction of June 25, 1997, and a prior theft conviction of August 8, 2003. The information upon which the August 8, 2003, judgment is based contains an enhancement paragraph alleging a prior theft conviction of July 25, 2002.

United States Constitution protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 695–96 (1993). Here, Mims claims that because use of the prior conviction in each case allowed greater punishment using the same offense, his double jeopardy protections were violated. Mims' claim of double jeopardy is without merit.

Section 12.46 of the Texas Penal Code addresses this issue and provides, "[T]he use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." TEX. PENAL CODE ANN. § 12.46 (Vernon 2003).

*Barnes v. State*, 70 S.W.3d 294 (Tex. App.—Fort Worth 2000, pet. ref'd), addressed the same issue. In that case, a burglary conviction was used to enhance two separate, subsequent convictions. On appeal, Barnes claimed that the use of a prior conviction to enhance two subsequent convictions violated his right against double jeopardy. The court recognized that double jeopardy principles are generally not applicable to noncapital sentencing proceedings. *Id*. at 303 (citing *Monge v. California*, 524 U.S. 721, 724–25 (1998)). In holding that double jeopardy did not bar prosecution, *Barnes* relied upon United States Supreme Court precedent that

> [e]nhanced punishments for repeat offenders do not violate the Double Jeopardy Clause of the United States Constitution because such enhanced punishment neither place a defendant in jeopardy of being twice tried for an offense nor subject such a defendant to additional punishment for the previous offense used for enhancement purposes.

11

*Id.* (citing *Witte v. United States*, 515 U.S. 389, 400 (1995)); *see also Cherry v. State*, 447 S.W.2d 154, 157 (Tex. Crim. App. 1969) (explaining that enhancement penalty statutes do not result in double jeopardy violations).

In *Witte*, the United States Supreme Court addressed the concern raised here, i.e., an increased punishment based on a prior conviction. The Court explained that "[I]n repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Witte*, 515 U.S. at 400 (citing *Gryger v. Burke*, 334 U.S. 728 (1948)). We overrule this point of error.

## V.       Consideration Was Given to the Full Range of Punishment

In his final appellate point, Mims alleges trial court error in failing to consider the full range of punishment. This point of error is based upon the trial court's colloquy with Mims:

> THE COURT:  . . . . Your criminal history, there's some countries, Mr. Mims, you lose a part of the body when you commit a theft. Have you heard that in some countries?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  How many parts of your body do you think you'd have left?
>
> THE DEFENDANT:  Probably none, your Honor.

12

Mims contends this exchange reflects a lack of consideration by the trial court of the full punishment range, resulting in a denial of due process of law and a violation of Eighth Amendment protections against cruel and unusual punishment.[6]  An arbitrary refusal to consider the entire punishment range available for the offense constitutes a denial of due process of law.  *Davis v. State*, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.).  Rather than considering the entire punishment range, Mims claims the trial court harkened back to the "old school," akin to a Henry VIII type of justice.  While Mims' brief on this issue is creative and colorful, it does not convince this Court of a denial of due process or a violation of the Eighth Amendment protection against cruel and unusual punishment.

The record reflects that the trial court questioned Mims regarding his understanding of the punishment range and stated that range included community supervision or jail time from 180 days to two years.  Additionally, the trial court discussed with Mims the fact that two other judges had placed Mims on community supervision and that Mims' community supervision was modified five times prior to revocation in 2001.  The court also reflected on the fact that the comments in Mims' presentence investigation report were positive.  We find nothing in any of these remarks to indicate that the trial court did not give consideration to the full range of punishment.  We overrule this point of error.

---

[6]The Eighth Amendment protections against cruel and unusual punishment are also found in the Texas Constitution and the Texas Code of Criminal Procedure.  TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.09 (Vernon 2005).

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:    February 16, 2010
Date Decided:      March 9, 2010

Do Not Publish

14