In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00160-CR

                                                ______________________________

 

 

                                        DEVIN ERIC
MIMS, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37781-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

I.          Background

            On
December 29, 2008, David Eric Mims was apprehended in Fred’s Department Store
in Longview, Texas, while attempting to steal video games.  Mims was indicted and charged as a habitual
theft offender.[1]
 According to the indictment, Mims was
previously convicted of theft on August 8, 2003, in the County Court at
Law of Gregg County, with a second theft conviction on March 30, 2006, in the
71st Judicial District Court of Harrison County.  On July 10, 2009, Mims entered a plea of
guilty to the charge of theft of property of a value less than $1,500.00 and
pled true to both prior convictions.[2]  

            Mims
signed a stipulation of evidence in which he admitted the theft on December 29,
2008, and confirmed his conviction of the two prior thefts, acknowledging dates
and courts of conviction.  

            After
having accepted Mims’ plea of guilty, the trial court assessed punishment of
two years in a state jail facility.[3]  On appeal, Mims complains that (1) due to a
variance between the indictment and the evidence, punishment for a state jail
felony was incorrectly applied, (2) the State impermissibly enhanced punishment
with a prior theft conviction, when the same prior conviction was used to
enhance punishment on a different theft charge, in violation of the Double Jeopardy
Clause of the United States Constitution, the Texas Constitution, and the Texas
Code of Criminal Procedure, and (3) the trial court erred in failing to
consider the full range of punishment in a context that violates his due
process rights and implicates the Eighth Amendment protection against cruel and
unusual punishment.  

            Because
we find no error in sentencing, we affirm the judgment of the trial court.

II.        No Waiver of Complaint

            The State contends
that Mims waived any objection to the variance between the indictment and the
evidence by failing to comply with Rule 33.1(a)(1) of the Texas Rules of
Appellate Procedure, which requires the record show that the complaint was made
to the trial court by a timely request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1).  We
disagree. 

            Mims’
complaint on appeal is that there is a variance between the allegation and the
proof of the date of conviction of an enhancement allegation.  On that premise, Mims argues that the State
did not prove the allegations in the indictment and the State’s pleadings (enhancement
allegations) “do not find support in the evidence.”  In essence, this is a claim that the evidence
is legally insufficient to prove the allegations of the State.  Legal sufficiency of the evidence may be
challenged for the first time on appeal. 
Rankin v. State, 46 S.W.3d
899, 901 (Tex. Crim. App. 2001).  

III.       The Theft Conviction
Was Correctly Enhanced

            In
his first appellate point, Mims contends that because the indictment alleged an
incorrect conviction date for a prior theft, the evidence at trial failed to
comport with the indictment.  As a
result, it is alleged that Mims’ theft conviction was incorrectly enhanced and
punishment should have been only for a class A misdemeanor.  

            At
issue is the following language in Mims’ indictment:

the defendant had theretofore been twice convicted
of theft in that on the 8th day of August, 2003, in the County Court at Law of
Gregg County, Texas, in cause number 2003-2731, the defendant was convicted of
the offense of Theft, and on the 30th day of March, 2006, in the 71st Judicial
District Court of Harrison County, Texas, in cause number 04-0338, the
defendant was convicted of the offense of Theft, . . . .

 

Mims alleges an incorrect
conviction date of March 30, 2006, on the second prior conviction.  In fact, the judgment rendered on that prior
conviction indicates a date of May 9, 2005, for an offense committed on July
29, 2004.  Mims entered into a negotiated
plea agreement on that charge of two years in a state jail facility probated to
four years and a $1,000.00 fine, not probated.  On March 30, 2006 (the date stated in the
indictment here), the trial court entered a judgment revoking Mims’ community
supervision and imposing a sentence of fourteen months in the state jail
division–Texas Department of Criminal Justice. 

            Indeed,
the indictment in the present case incorrectly reflects a conviction date on
the prior theft of March 30, 2006, when Mims was in fact convicted on May 9,
2005.  Mims’ community supervision was
revoked, and he was sent to jail on March 30, 2006.  The question before this Court is whether the
variance between the date of the conviction listed in the indictment and the
proof presented at trial is fatal, thus requiring a new punishment hearing.  

            Mims
claims that because the allegations in the State’s pleading are not supported
in the evidence, the prior theft conviction remains unproven, and the
punishment range for a class A misdemeanor applies.  Accordingly, Mims seeks a new punishment
hearing.  In support of this position,
Mims relies on Goodale v. State, 146
Tex. Crim. 568, 177 S.W.2d 211 (1944). 
In that case, Goodale claimed a fatal variance between the indictment
(which alleged an incorrect prior conviction date) and the proof which showed
that judgment was rendered and entered by the trial court on a different
date.  Goodale’s conviction was affirmed
on appeal.  The date of the court of
appeals’ mandate was listed in the indictment as the date of conviction.  Id.
at 212.  Having determined that the
mandate was a ministerial act that did not affect the finality of the judgment
rendered by the trial court, the Texas Court of Criminal Appeals held the
variance between the proof and the allegations in the last paragraph of the
indictment to be fatal.  Id.

            Unlike
this case, Goodale was concerned with
the finality of a prior conviction for enhancement purposes.  In that regard, the logic and reasoning in Goodale was taken to task in the 2002
case of Beal v. State, 91 S.W.3d 794
(Tex. Crim. App. 2002).  Beal held that for purposes of determining
the finality of a conviction, the date of the appellate court mandate affirming
the conviction is controlling.  Goodale is therefore no longer good law
for the core proposition for which it stands, i.e., the finality of conviction
is measured by the date of the trial court’s judgment.  Further, Goodale
cannot be read as black letter law for the proposition that Mims recites, i.e.,
when there is a variance between a conviction date on a prior conviction used
for enhancement purposes and the evidence of that conviction date, such
variance is fatal.  Unquestionably, the
law of variance has changed considerably since 1944.  See Gollihar v. State, 46 S.W.3d 243, 257
(Tex. Crim. App. 2001) (declaring variance between indictment and evidence
fatal only if material and prejudices substantial rights of defendant). 

             Allegations of prior convictions for
enhancement of punishment purposes have traditionally required less
particularity than must be used in charging the primary offense.  Freda
v. State, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986).  The rationale for this rule relates to the
purpose of the enhancement allegations of an indictment, i.e., to provide the
accused with notice of the prior conviction upon which the State relies.  Tenner
v. State, 850 S.W.2d 818, 820 (Tex. App.––El Paso 1993, no pet.).  Consequently, where a variance is shown in
the enhancing portion of an indictment, the accused is required to show that
the variance resulted in surprise, to his or her prejudice.   Freda, 704 S.W.2d at 43; Hall v. State, 619 S.W.2d 156, 157 (Tex.
Crim. App. [Panel Op.] 1980); Simmons v.
State, 288 S.W.3d 72, 80 (Tex. App.––Houston [1st Dist.] 2009, pet. ref’d);
Reese v. State, 905 S.W.2d 631, 635
(Tex. App.––Texarkana 1995, pet. ref’d, untimely filed).  Indeed, a showing of prejudicial surprise has
typically been required in cases where a variance is shown in the enhancing
portion of an indictment.  Benton v. State, 770 S.W.2d 946, 947–48
(Tex. App.––Houston [1st Dist.] 1989, pet. ref’d) (variance between indictment
and State’s proof at trial regarding date of conviction used for enhancement
purposes not fatal because it did not cause surprise or harm); Pinkston v. State, 681 S.W.2d 893 (Tex. App.––Fort
Worth 1984, pet. ref’d) (variance in date prior conviction became final); Dula v. State, 679 S.W.2d 601 (Tex.
App.––Houston [1st Dist.] 1984, pet. ref’d) (variance in cause number); Lopez v. State, 654 S.W.2d 521 (Tex.
App.––Corpus Christi 1983, pet. ref’d) (variance between date of prior
conviction alleged and that proved not fatal).

            In
addition to the moderated pleading requirement authorized for enhancement
allegations,  the Texas Court of Criminal
Appeals has addressed the issue of variance for the primary offense in Gollihar, 46 S.W.3d 243.  In that case, the court recognized the long-standing
rule that a variance between an indictment and proof is a question of
evidentiary insufficiency.  Id. at 247.  Our analysis of whether the evidence is
factually sufficient is measured against the elements of the offense with the
same kind of analysis as that applied in the test for a hypothetically correct
jury charge.[4]  Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); see also Grotti v. State, 273 S.W.3d 273, 280 (Tex.
Crim. App. 2008).  The hypothetically
correct jury charge “sets out the law, is authorized by the indictment, does
not unnecessarily increase the State’s burden of proof or unnecessarily
restrict the State’s theories of liability, and adequately describes the
particular offense for which the defendant was tried.”  Malik, 953 S.W.2d at 240.  In making this analysis, we observe the
holding of Gollihar that “when faced
with a sufficiency of the evidence claim based upon a variance between the
indictment and the proof, only a ‘material’ variance will render the evidence
insufficient.”  Gollihar, 46 S.W.3d at 257.  

            Whether
a variance is viewed as a sufficiency of the evidence problem or as a notice
related problem, a variance that is not prejudicial to a defendant’s “substantial
rights” is immaterial.  Id. at 247–48.  To determine whether a defendant’s
substantial rights have been prejudiced by a variance, two questions must be
asked:  (1) whether the indictment
informed the defendant of the charge against him or her sufficiently to allow
the defendant to prepare an adequate defense at trial; and (2) whether the
prosecution under the deficiently drafted indictment would subject the defendant
to the risk of being prosecuted later for the same crime.  Id. at
248.

            Under
the standards set forth above, we cannot conclude that Mims was surprised or
prejudiced by the variance in issue. 
Mims’ signed stipulation of evidence recited that “on the 30th day of
March, 2006, in the Judicial District Court of Harrison County, Texas, in cause
number 04-0338, I, DEVIN ERIC MIMS, was convicted of the offense of Theft, as
charged in the indictment.”  Both the
enhancement paragraph and the judgment issued by the 71st Judicial District Court
of Harrison County show the same cause number, the same number and location of
the convicting court, and the same grade of offense.  The only variance was in the date of
conviction.  At the time a copy of the judgment
was offered as evidence, there was no objection to its admission.  The variance did not result in Mims’
inability to know what the charges against him were so that he was unable to
prepare a defense.  

            Further, the prior conviction
wherein the erroneous date was alleged was only used to impose a greater
penalty for the underlying offense; therefore, Mims is not subjected to the
risk of being prosecuted later for the same theft as was alleged in this
indictment.  

            Mims’ first point of error is
overruled.

IV.       No Violation of Double
Jeopardy Protections

            Mims alleges the
instant indictment (cause number 37781-B) and the indictment in state court
cause number 38,009-B both allege a common prior conviction for enhancement
purposes, dated July 25, 2002, in trial court cause number 2003-2731.  This contention is inaccurate.  The instant indictment alleges a theft
conviction of March 30, 2006, as discussed in the previous section of this opinion.  In addition, the indictment alleges a
previous theft conviction dated August 8, 2003, in the County Court at Law of
Gregg County, Texas, in cause number 2003-2731. The information upon which Mims
was convicted in cause number 2003-2731 contains an enhancement paragraph
alleging a prior theft conviction of July 25, 2002.  However, the July 25, 2002, prior conviction
was not used to enhance the theft conviction in this case.[5]  While Mims’ factual recitals regarding
enhancement are inaccurate, his underlying complaint that the indictment in
this case and in our companion case both allege the same prior theft conviction
in the enhancement paragraph of each is accurate.  The date of the prior theft conviction is,
however, August 8, 2003.  Accordingly, we
analyze Mims’ second point of error to determine the existence of a double jeopardy
violation based upon the dual usage of the August 8, 2003, prior conviction to
enhance each charge.

            Mims
relies upon Article I, Section 14 of the Texas Constitution, which provides, in
pertinent part:

No person, for the same offense, shall be twice
put in jeopardy of life or liberty, nor shall a person be again put upon trial
for the same offense, after a verdict of not guilty in a court of competent
jurisdiction.

            

Tex.
Const. art. I, § 14.  The same
rule of law is stated verbatim in Article 1.10 of the Texas Code of Criminal
Procedure, upon which Mims also relies.  See Tex.
Code Crim. Proc. Ann. art. 1.10 (Vernon 2005).  Finally, Mims relies upon the double jeopardy
protections of the Fifth Amendment to the United States Constitution.

            Conceptually,
the State and Federal double jeopardy provisions are identical.  Phillips
v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990).  The Double Jeopardy Clause of the United
States Constitution protects against:  (1)
a second prosecution for the same offense after acquittal; (2) a second
prosecution for the same offense after conviction; and (3) multiple punishments
for the same offense.  United States v. Dixon, 509 U.S. 688,
695–96 (1993).  Here, Mims claims that
because use of the prior conviction in each case allowed greater punishment
using the same offense, his double jeopardy protections were violated.  Mims’ claim of double jeopardy is without
merit.

            Section
12.46 of the Texas Penal Code addresses this issue and provides, “[T]he use of
a conviction for enhancement purposes shall not preclude the subsequent use of
such conviction for enhancement purposes.” 
Tex. Penal Code Ann. §
12.46 (Vernon 2003).

            Barnes v. State, 70 S.W.3d 294 (Tex.
App.––Fort Worth 2000, pet. ref’d), addressed the same issue.  In that case, a burglary conviction was used
to enhance two separate, subsequent convictions.  On appeal, Barnes claimed that the use of a
prior conviction to enhance two subsequent convictions violated his right
against double jeopardy.  The court
recognized that double jeopardy principles are generally not applicable to
noncapital sentencing proceedings.  Id. at 303 (citing Monge v. California, 524 U.S. 721, 724–25 (1998)).  In holding that double jeopardy did not bar
prosecution, Barnes relied upon
United States Supreme Court precedent that

[e]nhanced punishments for repeat offenders do not
violate the Double Jeopardy Clause of the United States Constitution because such
enhanced punishment neither place a defendant in jeopardy of being twice tried
for an offense nor subject such a defendant to additional punishment for the
previous offense used for enhancement purposes. 


 

Id. (citing Witte v. United
States, 515 U.S. 389, 400 (1995)); see
also Cherry v. State, 447 S.W.2d
154, 157 (Tex. Crim. App. 1969) (explaining that enhancement penalty statutes
do not result in double jeopardy violations). 


            In
Witte, the United States Supreme
Court addressed the concern raised here, i.e., an increased punishment based on
a prior conviction.  The Court explained
that “[I]n repeatedly upholding such recidivism statutes, we have rejected
double jeopardy challenges because the enhanced punishment imposed for the
later offense ‘is not to be viewed as either a new jeopardy or additional
penalty for the earlier crimes,’ but instead as ‘a stiffened penalty for the
latest crime, which is considered to be an aggravated offense because a
repetitive one.’”  Witte, 515 U.S. at 400 (citing Gryger
v. Burke, 334 U.S. 728 (1948)).  We
overrule this point of error.

V.        Consideration Was Given
to the Full Range of Punishment

            In his final
appellate point, Mims alleges trial court error in failing to consider the full
range of punishment.  This point of error
is based upon the trial court’s colloquy with Mims:

            THE
COURT:  . . . . Your criminal history,
there’s some countries, Mr. Mims, you lose a part of the body when you
commit a theft.  Have you heard that in
some countries?

 

            THE
DEFENDANT:  Yes, sir.

 

            THE
COURT:  How many parts of your body do
you think you’d have left?

 

            THE
DEFENDANT:  Probably none, your Honor.

 

            Mims
contends this exchange reflects a lack of consideration by the trial court of
the full punishment range, resulting in a denial of due process of law and a
violation of Eighth Amendment protections against cruel and unusual punishment.[6]  An arbitrary refusal to consider the entire
punishment range available for the offense constitutes a denial of due process
of law.  Davis v. State, 125 S.W.3d 734, 736 (Tex. App.––Texarkana 2003, no
pet.).  Rather than considering the
entire punishment range, Mims claims the trial court harkened back to the “old
school,” akin to a Henry VIII type of justice. 
While Mims’ brief on this issue is creative and colorful, it does not
convince this Court of a denial of due process or a violation of the Eighth
Amendment protection against cruel and unusual punishment.

            The
record reflects that the trial court questioned Mims regarding his
understanding of the punishment range and stated that range included community
supervision or jail time from 180 days to two years.  Additionally, the trial court discussed with
Mims the fact that two other judges had placed Mims on community supervision
and that Mims’ community supervision was modified five times prior to
revocation in 2001.  The court also
reflected on the fact that the comments in Mims’ presentence investigation report
were positive.  We find nothing in any of
these remarks to indicate that the trial court did not give consideration to
the full range of punishment.  We
overrule this point of error.

            We affirm the judgment of the trial
court.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February 16, 2010

Date Decided:             March 9, 2010

 

Do Not Publish











[1]Mims
was charged with theft of property of less than $1,500.00, a class A
misdemeanor.  Tex. Penal Code Ann. § 31.03(e)(3) (Vernon Supp.
2009).  Where, as here, the value of the
property stolen is less than $1,500.00 and the defendant has two prior
convictions for any grade of theft, the offense becomes a state jail felony.  Tex.
Penal Code Ann. § 31.03(e)(4)(D) (Vernon Supp. 2009).  

 





[2]Also
on July 10, 2009, Mims entered a guilty plea in trial court cause number
38,009-B to the charge of theft of a value less than $50.00.  The indictment in that case alleged two prior
theft convictions dated June 25, 1997, in the County Court of Gregg County and
August 8, 2003, in the County Court at Law of Gregg County.  Mims pled true to both prior
convictions.  Mims’ appeal of the
sentence in trial court cause number 38,009-B is the subject of a separate
opinion entered of even date herewith, styled David Eric Mims v. The State of Texas, No. 06-09-00161-CR.

 





[3]Except
in circumstances that do not apply here, the range of punishment for a state
jail felony is “confinement in a state jail for any term of not more than two
years or less than 180 days.”  Tex. Penal Code Ann. § 12.35(a) (Vernon
Supp. 2009).  A person adjudged guilty of
a state jail felony may also be fined in an amount not to exceed
$10,000.00.  Tex. Penal Code Ann. § 12.35(b) (Vernon Supp. 2009).  No fine was imposed in this case.





[4]Malik
controls “even in the absence of
alleged jury charge error.”  Gollihar, 46 S.W.3d at 255.





[5]Mims
claims the indictment’s enhancement paragraph in the companion case, Mims v. State, 06-09-00161-CR, also
utilized a prior theft conviction of July 25, 2002.  In that case, the indictment alleges a prior
theft conviction of June 25, 1997, and a prior theft conviction of August
8, 2003.  The information upon which the
August 8, 2003, judgment is based contains an enhancement paragraph alleging a
prior theft conviction of July 25, 2002. 






[6]The
Eighth Amendment protections against cruel and unusual punishment are also
found in the Texas Constitution and the Texas Code of Criminal Procedure.  Tex.
Const. art. I, § 13; Tex. Code
Crim. Proc. Ann. art. 1.09 (Vernon 
2005).