

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

No. 06-11-00148-CR

IN RE:   CALVIN YARBOROUGH

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

This Court is in receipt of a letter from Calvin Yarborough.[1] Allowing for a liberal interpretation of a request made by Yarborough near the letter's end, we will treat this correspondence as a petition for mandamus relief. Yarborough asks us to "[o]rder the Harrison County District Judge Honorable William T. Hughey to produce and provide [Yarborough] with the 'entire' 'certified' post-conviction discovery and Grand Jury minutes." We deny Yarborough's request.

We begin by pointing out that Yarborough has supplied this Court with nothing establishing the existence of any "post-conviction discovery" materials. For example, there is nothing suggesting that any evidentiary hearing was ever held incident to any habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(d) (West Supp. 2010). Neither has Yarborough provided any record or information suggesting what, if any, "minutes" of the Harrison County grand jury might exist; or how Yarborough would be entitled to such items, assuming their existence. *See generally* TEX. CODE CRIM. PROC. ANN. art. 20.012 (West 2005), art. 20.02 (West Supp. 2010).

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State*

---

[1]This Court affirmed Yarborough's conviction for aggravated assault. *Yarborough v. State*, 178 S.W.3d 895 (Tex. App.—Texarkana 2005, pet. ref'd).

*ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Due to the nature of this remedy, it is Yarborough's burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Yarborough has failed in his obligation to provide this Court with a sufficient record establishing his right to mandamus relief. We deny his requested relief.

We also take this opportunity to correct some evident misunderstandings on Yarborough's part. In his letter/petition, he states he has "a pending appeal," cause number 06-05-00067-CR. This cause number, cited above with the Southwest Reporter citation, refers to an opinion issued by this Court in 2005. The Texas Court of Criminal Appeals refused Yarborough's petition for discretionary review, and our mandate issued March 16, 2006. Yarborough's conviction in that case is final; he has no appeal pending. *See Beal v. State*, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002) (for purposes of enhancement, conviction final upon issuance of appellate court's mandate).

Yarborough also references a letter from this Court of May 4, 2011, wherein we advised him we had overruled a motion for post-conviction discovery, filed in cause number 06-05-00067-CR, and advising of costs should he wish to purchase copies of records from this Court. Our letter stated this Court's records did not include any grand jury minutes. We did not explicitly state that this Court's records also did not include anything that could constitute

3

"post-conviction discovery." Upon review of the 2005 conviction, cause number 06-05-00067-CR, we have found neither a hearing or record of any motion for new trial nor any indication of any post-conviction proceeding. Therefore, not only has Yarborough failed to provide any record upon which he could establish a basis for mandamus relief, there is no record in this Court's possession which would satisfy his request to purchase any record items.

As for Yarborough's request for a file-marked copy of his letter/petition, we include such a copy with this Court's instant ruling.

Finally, Yarborough requests "a file marked copy of transcriptions that the 'wrong' appellate number 06-11-00096-CR in your May 18, 2011 response has been corrected." On May 18, 2011, this Court wrote Yarborough to inform him a previous petition for mandamus relief had been denied; that petition bore our cause number 06-11-00096-CR. That "petition," like the instant one, was a one-page letter to this Court describing Yarborough's lack of success contacting his prior appellate attorney, and then asking this Court to order the Harrison County District Clerk to provide Yarborough with transcriptions of grand jury minutes. We generously treated this letter as a petition for mandamus relief,[2] which we denied, as this Court lacks jurisdictional authority over district clerks. *See In re Yarborough*, No. 06-11-00096-CR, 2011 Tex. App. LEXIS 3798 (Tex. App.—Texarkana May 18, 2011, orig. proceeding) (mem. op., not designated for publication). There is nothing to correct in our May 18, 2011, correspondence.

---

[2]We refer Yarborough to TEX. R. APP. P. 52, regarding the requisites of petitions for mandamus relief.

4

We deny Yarborough's petition for writ of mandamus.


                                            Bailey C. Moseley
                                            Justice

Date Submitted:        August 10, 2011
Date Decided:          August 11, 2011

Do Not Publish