In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00148-CR

                                                ______________________________

 

 

 

                                                IN
RE:  CALVIN YARBOROUGH

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            This Court is in receipt of a letter
from Calvin Yarborough.[1]
 Allowing for a liberal interpretation of
a request made by Yarborough near the letter’s end, we will treat this
correspondence as a petition for mandamus relief.  Yarborough asks us to “[o]rder the Harrison
County District Judge Honorable William T. Hughey to produce and provide
[Yarborough] with the ‘entire’ ‘certified’ post-conviction discovery and Grand
Jury minutes.”  We deny Yarborough’s
request.

            We begin by pointing out that
Yarborough has supplied this Court with nothing establishing the existence of
any “post-conviction discovery” materials. 
For example, there is nothing suggesting that any evidentiary hearing
was ever held incident to any habeas corpus proceedings.   See
Tex. Code Crim. Proc. Ann. art.
11.07, § 3(d) (West Supp. 2010).  Neither
has Yarborough provided any record or information suggesting what, if any, “minutes”
of the Harrison County grand jury might exist; or how Yarborough would be
entitled to such items, assuming their existence.  See
generally Tex. Code Crim. Proc. Ann.
art. 20.012 (West 2005), art. 20.02 (West Supp. 2010).  

            The standard for mandamus relief
articulated by the Texas Court of Criminal Appeals requires the relator to
establish that (1) there is no adequate remedy at law to redress the alleged
harm; and (2) only a ministerial act, not a discretionary or judicial decision,
is being sought.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  Due to the nature of this remedy, it is
Yarborough’s burden to properly request and show entitlement to the mandamus
relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.]
1992, orig. proceeding) (per curiam) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  Yarborough has failed in his obligation to
provide this Court with a sufficient record establishing his right to mandamus
relief.  We deny his requested relief.

            We also take this opportunity to
correct some evident misunderstandings on Yarborough’s part.  In his letter/petition, he states he has “a
pending appeal,” cause number 06-05-00067-CR. 
This cause number, cited above with the Southwest Reporter citation,
refers to an opinion issued by this Court in 2005.  The Texas Court of Criminal Appeals refused
Yarborough’s petition for discretionary review, and our mandate issued March
16, 2006.  Yarborough’s conviction in
that case is final; he has no appeal pending. 
See Beal v. State, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002) (for
purposes of enhancement, conviction final upon issuance of appellate court’s
mandate).

            Yarborough also references a letter
from this Court of May 4, 2011, wherein we advised him we had overruled a
motion for post-conviction discovery, filed in cause number 06-05-00067-CR, and
advising of costs should he wish to purchase copies of records from this
Court.  Our letter stated this Court’s
records did not include any grand jury minutes. 
We did not explicitly state that this Court’s records also did not
include anything that could constitute “post-conviction discovery.”  Upon review of the 2005 conviction, cause
number 06-05-00067-CR, we have found neither a hearing or record of any motion
for new trial nor any indication of any post-conviction proceeding.  Therefore, not only has Yarborough failed to
provide any record upon which he could establish a basis for mandamus relief,
there is no record in this Court’s possession which would satisfy his request
to purchase any record items.  

            As for Yarborough’s request for a
file-marked copy of his letter/petition, we include such a copy with this Court’s
instant ruling.  

            Finally, Yarborough requests “a file
marked copy of transcriptions that the ‘wrong’ appellate number 06-11-00096-CR
in your May 18, 2011 response has been corrected.”  On May 18, 2011, this Court wrote
Yarborough to inform him a previous petition for mandamus relief had been
denied; that petition bore our cause number 06-11-00096-CR.  That “petition,” like the instant one, was a
one-page letter to this Court describing Yarborough’s lack of success
contacting his prior appellate attorney, and then asking this Court to order
the Harrison County District Clerk to provide Yarborough with transcriptions of
grand jury minutes.  We generously
treated this letter as a petition for mandamus relief,[2]
which we denied, as this Court lacks jurisdictional authority over district
clerks.  See In re Yarborough, No.
06-11-00096-CR, 2011 Tex. App. LEXIS 3798 (Tex. App.—Texarkana May 18,
2011, orig. proceeding) (mem. op., not designated for publication).  There is nothing to correct in our May 18,
2011, correspondence.

            We
deny Yarborough’s petition for writ of mandamus.  

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
10, 2011

Date Decided:             August
11, 2011

 

Do Not Publish

 











[1]This
Court affirmed Yarborough’s conviction for aggravated assault.  Yarborough
v. State, 178 S.W.3d 895 (Tex. App.––Texarkana 2005, pet. ref’d).  





[2]We
refer Yarborough to Tex. R. App. P.
52, regarding the requisites of petitions for mandamus relief.